WILLIAM FARRELL, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO RECORDER'S COURT OF THE CITY OF CHICAGO.

Where a bill is put in the hands of a person to procure change, and he appropriates it, it is larceny.

FARRELL was indicted, tried and convicted of larceny, before R. S. WILSON, at June term, 1855, of the Recorder's Court for the city of Chicago.

The evidence showed that one Hennis, about midnight, gave Farrell, who was a hack driver, a five dollar bill to be changed, in order that Hennis might pay Farrell twenty-five cents, which was his charge for carrying Hennis in his hack from the railroad depot to an hotel. Farrell did not return with the bill or the change for it.

J. B. UNDERWOOD, for Plaintiff in Error.

W. H. S. WALLACE, for the People.

SCATES, C. J. The rule laid down in *Denman* v. *Bloomer*, 11 Ill. R. 177, that each instruction must be correct in itself, without reference to others, is the correct one. Tested by this rule, we think, there was no error; each one refused was incorrect, and the modifications were proper. The additional instruction given by the court was proper.

The value of the bill was returned by the jury, as ruled in *Highland* v. *The People*, 1 Scam. R. 392.

The defense seemed, from the instructions asked, to be placed upon the ground, that twenty-five cents of the bill belonged to plaintiff, and therefore the indictment could not be sustained. Is this true in fact or law?

As regards the fact, the jury have said it is not true, and we are not called upon to review the proofs upon that finding.

We sustained a verdict in a similar case, upon proofs of a more doubtful character, in *Fishback* v. *Brown*, 16 Ill. R. 74, as to the question of the ownership of a bill.

The fact that the owner of the bill owed the plaintiff twenty-five cents, and intended to pay him that sum out of the value or proceeds of this particular bill, did not make plaintiff a joint or common owner of the particular bill. It was bailed to him, specially to procure change, and not in payment. Although he might have set up a set-off to the amount of twenty-five cents, to an action for the proceeds, it would have been by reason of the prosecutor's indebtedness to him, and not from any specific ownership of any part of that bill or the proceeds of it.

The distinction is the same as that between a special bailee and a general creditor. Plaintiff sustained the character of each towards the prosecutor. The rights and liability of each may be, and are, very different. Even had the plaintiff had a special lien, it would not have made the property his in a general sense. All clerks and persons entrusted with money, might steal an amount equal to any arrearages due them, and, upon discovery, set up that fact as a defense to a prosecution, as well as the plaintiff can in this case. The right of property is not so far changed by such bailments, as to prevent such allegation and proof of ownership in the bailor, under circumstances like these.

*Judgment affirmed.*