### COMMONWEALTH *vs.* THOMAS L. HURD.

Suffolk.   Nov. 26 — Dec. 31, 1877.   COLT & LORD, JJ., absent.

On the trial of an indictment for larceny, there was evidence that the property had been entrusted to the custody of the defendant; that he had sold it and absconded with the proceeds of the sale. The evidence was conflicting on the question whether the defendant had authority from the owner of the property to make the sale. The judge instructed the jury that "if the defendant sold the property, rightfully, or under an honest belief that he had such right, no wrongful appropriation or keeping of the money would warrant a verdict of guilty; that the fact, if proved, that the defendant absconded and kept the money might be considered by the jury as evidence bearing upon the question whether the taking and selling of the property was felonious." *Held*, that the defendant had no ground of exception.

INDICTMENT for larceny on April 14, 1877, of a horse and two wagons alleged to be the property of William C. Hawkes.

At the trial in the Superior Court, before *Wilkinson*, J., the government introduced evidence tending to show that Hawkes had his place of business near the defendant's stable, and kept his horse and wagons in that stable ; that Hawkes offered the defendant a commission if he would bring to him a purchaser of the horse and wagons at a stated price, but in no case was the defendant to make a sale of the property. This was denied by the defendant, who offered evidence tending to show that he was authorized by Hawkes to sell the property to any purchaser he might find, with no limitation, except as to price. It also appeared in evidence that on April 14, 1877, the defendant sold and delivered the horse and wagons by bill of sale to one Keenan, for $210, and that this money was never paid over or offered to be paid over to Hawkes. The government also introduced evidence tending to show that the defendant absconded with the money, and could not be found by the officer who had a warrant for his arrest.

The defendant asked the judge to instruct the jury that, if the defendant, after selling the property rightfully, intended upon receiving the proceeds of such sale, or after receiving such proceeds, to convert them to his own use, and did in accordance with such intention keep the same, such intention and keeping was not evidence tending to show the alleged larceny.

The judge declined to instruct the jury in the manner requested; but on this part of the case, instructed them as follows:

The defendant is charged in the indictment with a larceny of the wagons and horse, and not of the money received therefor; and unless the jury are satisfied, beyond a reasonable doubt, that the taking and selling of the wagons and horse was without right or color of right, the defendant cannot be convicted. If the defendant sold the wagons and horse rightfully, or under an honest belief that he had such right, no wrongful appropriation or keeping of the money would warrant a verdict of guilty. The fact, however, if the jury find it proved, that the defendant absconded and kept the money may be considered by the jury as evidence bearing upon the question whether the taking and selling of wagons and horse were felonious."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant.

*W. C. Loring*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.

ENDICOTT, J. The defendant was indicted for larceny of a horse and two wagons. It appeared in evidence that he took and sold them without authority from the owner, absconded and kept the money obtained from the sale. The defence was that he was authorized by the owner to sell to any purchaser he could find, and on this point there was conflicting evidence.

If he was authorized to sell, or honestly believed he had the right to take and sell the property, his subsequent flight and wrongful appropriation of the money would not justify the jury in finding him guilty of larceny. But if he was not so authorized, and the taking and selling were without right or color of right, then evidence of his subsequent conduct was competent to show the intent with which he took and sold the property. This was in substance the ruling of the presiding judge, and we fail to see that the defendant has any just ground of exception. The first question for the jury to determine was whether the defendant had authority to take and sell the horse and wagons; if they found that he had or honestly believed that he had, that was the end of the case; and in deciding that question his subsequent conduct was immaterial. If, on the other hand, they found that he had no authority and knew he had not, then all his subsequent acts in connection with the transaction were compe-

tent, as bearing on the question whether the taking and selling were felonious, and in that view they could properly take into consideration his flight and wrongful appropriation of the proceeds of the sale.                          *Exceptions overruled.*