## COMMONWEALTH *vs.* MINNIE BARRY.

Suffolk.   March 28. — April 1, 1878.   AMES & MORTON, JJ., absent.

A person, who fraudulently obtains possession of the property of another, with intent at the time he receives it to convert it to his own use, the owner intending to part with his possession merely and not with his title to the property, is guilty of larceny.

On a complaint for the larceny of a twenty-dollar bill, alleged to be the property of A., there was evidence that as A. was passing a bar-room, the defendant, a girl, called him in, and he, at her request, gave her money to buy a bottle of brandy; that they went up-stairs together, and she said this bottle would not be enough for the night, and asked for more money to buy another bottle; that he thereupon gave her a twenty-dollar bill to get a quart of brandy, the price of which was three dollars, not expecting to receive the bill back, but the change, after deducting the price of the brandy; that the defendant went out and soon returned with another girl, saying she could not get it; that the other girl said she knew where to get it, and the two girls went out and he saw no more of them or his money. *Held* that, on this evidence, the jury would be warranted in finding the defendant guilty of larceny

COMPLAINT to the Municipal Court of Boston, charging the defendant with larceny of a twenty-dollar bill, "of the goods, moneys and chattels of Stephen Brown."

At the trial in the Superior Court, before *Gardner*, J., there was evidence tending to show that Brown, while passing along North Street, in Boston, was attracted by the defendant's knocking upon the window, and beckoning him to come in; that he went into a bar-room where the defendant was, and, at her request, gave her money to get a bottle of brandy; that they went up-stairs together, when the defendant said to him, "This bottle is not enough for us tonight; give me some more money and I will get another bottle;" that thereupon he gave her a twenty-dollar bill to go out and get another quart of brandy, the cost of which was three dollars.

Brown testified that he did not expect to receive back the twenty-dollar bill which he gave the defendant, but the change after deducting three dollars for the brandy; that the defendant went out and soon returned with another girl, and said that she was unable to get the brandy; that the other girl said she knew where they could get it; and that they then disappeared, and he saw no more of them or of his money.

Upon this evidence, the defendant asked the judge to rule that she could not be convicted of the crime of larceny. The judge declined so to rule; and instructed the jury that if the defendant, at the time she received the twenty-dollar bill from Brown, took it with the intent of stealing it, and, if she induced Brown to part with the bill, not for the purpose of purchasing the brandy, but for the purpose of converting the bill to her own use, then they should convict her; but if they found that she took it innocently, for the purpose of buying the brandy, and returning the change to Brown, and afterwards conceived the intent to convert it to her own use, that this would not be larceny.

The jury returned a verdict of guilty; and the defendant alleged exceptions to the refusal of the judge to rule as requested.

*R. Morris*, for the defendant.

*W. C. Loring*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.

LORD, J. The principles upon which the decision of this case rests are too well settled and too familiar to justify a citation of authorities.

If a person honestly receives the possession of the goods, chattels or money of another upon any trust, express or implied, and, after receiving them, fraudulently converts them to his own use, he may be guilty of the crime of embezzlement, but cannot be of that of larceny, except as embezzlement is by statute made larceny. If the possession of such property is obtained by fraud, and the owner of it intends to part with his title as well as his possession, the offence is that of obtaining property by false pretences, provided the means by which they are acquired are such as, in law, are false pretences. If the possession is fraudulently obtained, with intent on the part of the person obtaining it, at the time he receives it, to convert the same to his own use, and the person parting with it intends to part with his possession merely, and not with his title to the property, the offence is larceny.

Upon the facts of this case, the jury might well find that the property was obtained by the defendant as stated in the last of these propositions; and the defendant has no cause to complain of the refusal to rule as requested, or of the instructions given.

*Exceptions overruled.*