# MICHAEL MURPHY

## *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

### *Filed at Ottawa November 20, 1882.*

1. CRIMINAL LAW—*larceny—what constitutes.* If the owner of goods alleged to have been stolen parts with both the possession and the title to the goods to the alleged thief, then neither the taking nor the conversion is felonious. It can but amount to a fraud.

2. If, however, the owner parts with the possession voluntarily, but does not part with the title, expecting and intending that the same thing shall be returned to him, or that it shall be disposed of on his account, or in a particular way, as directed or agreed upon, for his benefit, then the goods may be feloniously converted by the bailee, so as to relate back and make the taking and conversion a larceny.

3. SAME—*in the particular case.* On the trial of a person on an indictment for larceny, the facts, as shown by the prosecution, were, that one C. entered a place of business kept by one F., to make a purchase, and procured the article desired. The buyer, not having the exact amount of money with which to pay for the article purchased, handed the proprietor a twenty dollar gold coin for the purpose of making "change." The proprietor, on looking over his money on hand, said he could not "change" it, and thereupon pushed the coin towards the accused, who was standing near, and requested him to go and get the coin "changed." The accused took the coin, left the room, and never returned or accounted for the coin. It was *held,* these facts made a case under the indictment.

4. SAME—*variance—by whom the coin was delivered.* It was charged in the indictment that the coin was delivered to the accused by C., the buyer, while the proof showed it was delivered by F., the proprietor, to whom it had been handed by C., for the purpose of making "change," and in this it was alleged there was a variance. But it was *held,* that as to the act of delivery, F., the proprietor, was to be regarded as the agent of C., the buyer, and the rule applicable was, what the principal does by an agent he does by himself. So the allegation was literally sustained.

5. SAME—*in whom was the property in such case—and in whom the title might be alleged.* Under the facts given, the property in the coin was properly laid in the indictment as being in C., the buyer. In an indictment for larceny, the property alleged to have been stolen may be laid as being the property of the real owner, or of any person having a special property in it as bailee. But in this case no title passed from C., the buyer, to either F., the proprietor, or to the accused. It may be, however, that if the property had

been alleged to be in F., the proprietor, the accused could not have objected to his title, but that would furnish no objection to the property being alleged in the real owner.

6. Same—*one good count—general verdict.* Where a count for larceny and a count for embezzlement are joined in the same indictment, if the count for larceny be good, that will support a general verdict of guilty, although the count for embezzlement be bad.

7. Same—*joinder of counts.* A count for larceny and a count for embezzlement may be joined in the same indictment.

8. New trial—*newly discovered evidence—in a criminal case.* Upon conviction for larceny in converting to the prisoner's own use a gold coin which had been entrusted to him for the purpose of getting the same exchanged for money of smaller denominations, and to be returned to the owner, the prisoner, upon motion for a new trial, presented affidavits of persons who stated that the prisoner did, on the day of the alleged larceny, ask them to "change" a gold coin of the denomination of the coin alleged to have been stolen. But what particular piece of money it was sought to have "changed," did not appear, and if it had been shown to be the identical coin delivered to the prisoner, that fact could not avail him as ground for a new trial, as the offence was not in failing to get the money "changed," but in failing to return it, and in appropriating it to his own use.

9. Same—*questioning competency of counsel assigned by the court to defend a person on a criminal charge.* Where the trial court has assigned counsel for the defence of a person charged with a criminal offence, it will be presumed the counsel so assigned was competent to the duty to which he was appointed, and the question of the competency of such counsel will not be permitted to be introduced as an issue on a motion for a new trial.

Writ of Error to the Circuit Court of Will county; the Hon. J. McRoberts, Judge, presiding.

Messrs. Haley & O'Donnell, and Mr. J. R. Flanders, for the plaintiff in error, made the following among other points in their argument:

The indictment charges Murphy with the larceny and embezzlement of one Coskey's money, the second count charging that Coskey delivered to him and Fay the twenty dollar gold coin, and that they fraudulently converted the same to their own use. The proof shows that the coin was the property of Fay, and not of Coskey. The latter parted with the title and possession when he gave the coin to F. in payment for the

drinks, and never expected to receive the same again, but only the balance left after paying what he owed Fay. *Fishback* v. *Brown*, 16 Ill. 74.

The title to the coin being in Fay, he gave it to Murphy to have it changed for smaller denominations, and Murphy went at Fay's request alone. Murphy was responsible only to Fay, from whom he received the money. Then the proof failed to sustain the charge, and no conviction could legally be had, on account of the variance.

It is necessary in both larceny and embezzlement that the ownership of the property should be laid in the indictment in the person who has the ownership, either general or special, and the proof must correspond with the allegation. 2 Bishop on Criminal Law, sec. 788; Bishop's Criminal Procedure, sec. 718.

To constitute embezzlement the money or thing must be obtained under color of right, and there must be its conversion to the use of the person so obtaining it, with a fraudulent and felonious intent. What was larceny at common law, is not embezzlement under the statute. *Kibs* v. *People*, 81 Ill. 599.

The law does not presume that because money has been intrusted to an individual that he has embezzled or appropriated it to his own use. The party asserting that fact must prove it. (*Thomas* v. *Dunaway*, 30 Ill. 373.) The mere fact of not paying the money over, is clearly insufficient. (2 Bishop on Criminal Law, sec. 376; *Rex* v. *Smith*, Russ. & Ryan, 267.) Even though he sets up an excuse never so frivolous, or a claim in himself actually unfounded, (*Rex* v. *Norman*, Car. & M. 501,) or though he absconds, (*Regina* v. *Creed*, 1 Car. & K. 63,) it is essential that there should be a denial of having received the money, or else some false account be given. *Regina* v. *Jones*, 7 Car & P. 834.

As to when drunkenness is a defence for an act otherwise a larceny, see 1 Bishop on Criminal Law, sec. 411.

The judgment should have been arrested because the verdict was general, and judgment could not be rendered on it for the reason the defendant could not be guilty of both the offences charged.  *State* v. *Montague*, 2 McCord, 257.

Mr. JAMES McCARTNEY, Attorney General, for the People:

The defendant's drunkenness is no defence to the crime charged.  *Marshall* v. *State*, 59 Ga. 154.

The gold coin remained the money of Coskey until the change was given him therefor.  If no change had been returned, could not Coskey, after waiting a reasonable time and making demand therefor, have maintained replevin for the coin?  The debt was not extinguished by the delivery of a piece of money much larger than the sum due.

The proofs show a conversion of the coin with a felonious intent.  On this point, see *Welsh et al.* v. *People*, 17 Ill. 339; *Stinson* v. *People*, 43 id. 397; *Farrell* v. *People*, 16 id. 506; *Bailey* v. *State*, 58 Ala. 414; *Commonwealth* v. *Barry*, 124 Mass. 325; *State* v. *Williamson*, 1 Houst. Cr. C. 155; *State* v. *Anderson*, 25 Minn. 66; *People* v. *Abbott*, 53 Cal. 284; *Elliott* v. *Commonwealth*, 12 Bush, 176; *Macino* v. *People*, 19 N. Y. 127; *Commonwealth* v. *Hurd*, 123 Mass. 428; *People* v. *McDonald*, 43 N. Y. 61; *Bassett* v. *Spofford*, 45 id. 387; *Hildebrand* v. *People*, 1 Hun, 19; 56 N. Y. 394; *Regina* v. *McKale*, 11 Cox's Cr. C. 32; *Regina* v. *Slowles*, 12 id. 269.

The case of *Kibs* v. *People*, 81 Ill. 599, has reference to the proof necessary to sustain an indictment for the larceny of goods under section 74 of the Criminal Code, concerning embezzlement.  This indictment has two counts, one for the simple larceny of this coin, and the other for the conversion of it under the embezzlement statute.  The same evidence to sustain embezzlement is not absolutely required in this case, although the evidence would sustain either count.

The complaint made in arrest of judgment needs little consideration.  Many reasons might be given why a reversal of

the judgment should not be made upon that ground, among which reasons that might be given, one is, the joinder of counts for simple larceny and for larceny by embezzlement was right, and that a general verdict of guilty on such joinder was right. Both counts charge larceny, but larceny committed in two different ways.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Plaintiff in error and John Fay were jointly indicted for the crime of larceny. They were jointly tried, and the jury found plaintiff in error guilty, and Fay not guilty. Judgment was entered upon this verdict, after overruling a motion for a new trial, and this writ is prosecuted to reverse that judgment, for several errors alleged which we shall proceed to briefly consider.

*First*—It is claimed the verdict is not sustained by the evidence. The undisputed facts, as proved on the trial, are: One Coskey, and a friend accompanying him, entered a saloon, in Joliet, kept by Fay, and procured drinks, and Coskey not having the exact amount of money with which to pay for the drinks, handed Fay a twenty dollar gold coin, United States coinage, for the purpose of making "change." Fay, on looking over his money on hand, said he could not "change" it, and thereupon pushed the coin towards plaintiff in error, who was, at the time, standing by the bar, and requested him to go and get the coin "changed." Plaintiff in error took the coin, left the saloon, and never returned or accounted for the coin.

The case seems, in all its essential features, precisely like *Farrell* v. *The People,* 16 Ill. 506. There, one Hennis gave Farrell, who was a hack driver, a five dollar bill to be "changed," in order that Hennis might pay Farrell twenty-five cents. Farrell did not return with the bill or the "change." This court held he was guilty of larceny.

In *Welsh et al.* v. *The People,* 17 Ill. 339, (a case similar in the controlling principle to that in the present case,) it was said: "Where, as in this case, the alleged larceny is perpetrated by obtaining the possession of the goods by the voluntary act of the owner, under the influence of false pretenses and fraud, when the cases are carefully examined and well understood, there is no real difficulty in deducing the correct rule, by which to determine whether the act was a larceny and felonious, or a mere cheat and swindle. The rule is plainly this: if the owner of the goods alleged to have been stolen, parts with both the possession and the title to the goods to the alleged thief, then neither the taking nor the conversion is felonious. It can but amount to a fraud. It is obtaining goods under false pretenses. If, however, the owner parts with the possession voluntarily, but does not part with the title, expecting and intending that the same thing shall be returned to him, or that it shall be disposed of on his account, or in a particular way, as directed or agreed upon, for his benefit, then the goods may be feloniously converted by the bailee, so as to relate back and make the taking and conversion a larceny. The pointed inquiry in such a case must always arise, did the owner part with the title to the things, and was the legal title vested in the prisoner."

Again, in *Stinson* v. *The People,* 43 Ill. 397, the same doctrine was reiterated. It was there, among other things, said: "If, however, the owner parts with the possession voluntarily, but does not part with the title, expecting and intending the same thing shall be returned to him, or that it shall be disposed of on his account, or in a particular way, as directed or agreed upon, for his benefit, then the goods may be feloniously converted by the bailee, so as to relate back and make the taking and conversion a felony, if the goods were obtained with that intent."

This settles the law in this State, but analogous ruling, elsewhere, may be found in the following cases, referred to in

argument by the Attorney General: *Bailey* v. *The State,* 58 Ala. 414; *Commonwealth* v. *Barry,* 124 Mass. 325; *State* v. *Williamson,* 1 Houst. Crim. C. 155; *State* v. *Anderson,* 25 Minn. 66; *People* v. *Abbott,* 53 Cal. 284; *Elliott* v. *Commonwealth,* 12 Bush, 176; *Macino* v. *People,* 19 N. Y. 127; *Commonwealth* v. *Hurd,* 123 Mass. 438; *People* v. *McDonald,* 43 N. Y. 61; *Hildebrand* v. *People,* 56 id. 394.

No mitigating or extenuating circumstance was given in evidence, and no ground is therefore apparent upon which it can be said the verdict is not sustained by the evidence. The proof on behalf of the prosecution made a case, and that proof is in no manner overcome or impaired by countervailing proof on behalf of plaintiff in error.

*Second*—It is argued the second count in the indictment is for embezzlement, and it is bad. Suppose it is, the first count is undoubtedly good, and that is sufficient to sustain the general verdict of guilty. (*Townsend* v. *The People,* 3 Scam. 329; *Holliday* v. *The People,* 4 Gilm. 113.) But if the counts be both good, and we think they are, inasmuch as it is evidently but the statement of the same felony in different forms, the joinder is not objectionable. (*Lyons et al.* v. *The People,* 68 Ill. 275.) Joinder of embezzlement with larceny is in accordance with the well established practice. 1 Wharton's Criminal Law, (7th ed.) latter part of sec. 420, and cases referred to in note v.

And it may also be properly here added, the objection that there is a variance between the proof and the second count, (if it were important to consider such a question when it does not also lie to the first count,) is untenable. The averment, that the delivery was to plaintiff in error, is literally sustained. As to that act, Fay is to be regarded as the agent of Coskey, and the rule applicable is, what the principal does by an agent he does by himself.

*Third*—Counsel for plaintiff in error contend the property here was not properly laid in the indictment as the property

of Coskey. We can not yield our assent to this view of the law. In all the cases before referred to on the question of the character of the offence made out by the unquestioned facts, a contrary doctrine is announced. The property may be alleged in the indictment as the property of the real owner, or of any person having a special property in it as bailee. (2 Russell on Crimes, (7th Am. ed.) 89, *90; 2 Wharton's Criminal Law, (7th ed.) sec. 1818, *et seq.*) But clearly no title here passed to plaintiff in error. There was no intention he should become owner. He was simply to perform a duty in regard to the property,—"change" it,— that is, convey it to one who would give what, in popular language, is denominated "change," viz: bills, or gold or silver coins, or some of each, of lesser denominations, in amount of equal value, in exchange for it, and return this "change" to Coskey. *Fishback* v. *Brown*, 16 Ill. 74, cited and relied upon by counsel for appellant, does not affect the question. In that case, what was decided was simply that a party "changing" money for an agent, supposing him to be acting as principal, may proceed against either the agent or the principal, when he discovers him, in the event of a right of action growing out of such "changing" of money. The agent was there held liable because the principal was not known and trusted, but there would not have been the slightest objection, had the party so elected, to holding the real principal liable.

It may be, had this coin been alleged to have been the property of Fay, plaintiff in error could not have objected to his title, but this furnishes no objection to the property being alleged in the real owner. In point of fact, no title ever passed to Fay. It was passed to him just as he passed it to plaintiff in error—not to invest title, but to procure it to be changed into (or, to speak more accurately, exchanged for,) bills or coins, or a combination of each, of smaller denomi-

nations, in an aggregate amount and value equal to it, and as to that act he was, legally, the agent of Coskey.

We can not perceive that *Kibs* v. *The People,* 81 Ill. 599, has any bearing upon the case. There the indictment was for larceny only, as at common law, while here we have a count for larceny as at common law, and a count for embezzlement, and hence if the proof sustains either, the conviction must stand. But from the authorities cited, and what has been said, it must be evident, we are of opinion, the evidence sustains the count for larceny as at common law.

The affidavits in support of the motion for a new trial disclose no sufficient ground. Two of them merely show efforts of the plaintiff in error to get money "changed,"—what money, is not conclusively shown. But even if it were this for the stealing of which he is convicted, that fact does not even tend to show his innocence. His offence is not in failing to get the money "changed," but in failing to return it, and in appropriating it to his own use. Doubtless his own convenience required that it be "changed." The only other affidavit is that of plaintiff in error that he was intoxicated, and, by reason thereof, oblivious of all he did in regard to this money. Waiving comment upon some inconsistencies and improbabilities in this affidavit, we deem it sufficient to say the court below assigned plaintiff in error counsel for his defence, who, we must presume, was fully competent to the duty assigned him. Neither plaintiff in error nor that counsel deemed it advisable to introduce plaintiff in error, or any other witness, to make that proof upon the trial, nor was a continuance asked to obtain evidence in that regard. We can not permit the competency of counsel to defend persons charged with crime to be thus introduced as in issue on motion for a new trial.

Perceiving no error in the record the judgment is affirmed.

*Judgment affirmed.*