COMMONWEALTH *vs.* DANIEL FLYNN.

Suffolk. November 23, 1896. — January 20, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Larceny — Evidence.*

A., a woman, bought of B. a ticket entitling her to have some photographs taken at a certain place, and paid him therefor. He then told her that, if she would give him twenty-five cents more, he would finish some more photographs for her. She replied that she had no change, and he said that he would change a bill. Thereupon she gave him a one-dollar bill, which he put in his pocket, saying that he had not got the change, but would go out for it; and he then went away and never returned. When arrested, about a week later, he denied that he ever saw A. before, and gave different names to the arresting officer. *Held*, that he could be convicted upon a complaint charging him with the larceny of the one-dollar bill, alleged to be the property of A.

At the trial of a complaint for larceny, a police officer, who arrested the defendant, testified that he then asked the defendant if he was guilty, and he said "No," and that he had to suffer for some one else; and that the defendant gave the witness different names other than his own. *Held,* that the evidence was not shown to have been incompetent.

COMPLAINT, to the Municipal Court of the Dorchester District of Boston, charging the defendant, on February 28, 1896, at Boston, with the larceny of a one-dollar bill, the property of Margaret Driscoll. Trial in the Superior Court, on appeal, before *Bond*, J., who allowed a bill of exceptions, in substance as follows.

Margaret Driscoll testified that on February 28, 1896, she was employed by a family living in Dorchester; that the defendant came to her and asked her to purchase a ticket entitling her to have one dozen photographs taken for one dollar and a half, twenty-five cents to be paid in advance, at the Revere Studio in Boston; that she purchased a ticket of the defendant and paid him therefor twenty-five cents; that thereupon the defendant said to her that, if she would give him twenty-five cents more, he would finish off six or seven more photographs for her; that she said to him that she had no more change, and he told her he would change a bill; that she gave him a one-dollar bill, and he put it in his pocket, saying, "There is another man with me on the road, I have not got the change, I am going out for the change"; that he gave her two tickets and told her to hold them until he came back, and he never came back; that she did not see him until a week or so later, when he denied that he ever saw her before; that, after handing the one-dollar bill to the defendant, she had no claim upon it, except for the seventy-five cents in change which the defendant agreed to bring back to her; and that she had never visited the Revere Studio, nor applied to have any pictures taken upon the ticket purchased of the defendant.

Christopher Karcher, a police officer, testified, subject to the defendant's exception, that on March 9, 1896, he arrested the defendant; that he then asked him if he was guilty, and he said, "No"; that the defendant also said he had to suffer for some one else; that the defendant gave the witness his name as Andrew Hall; that the witness then took the defendant to the police station, and there asked his name, and he would not give his right name, but said his name was Taylor; and that then he said his name was Daniel Flynn.

There was no other evidence tending to prove the defendant guilty of the offence charged. The defendant requested the judge to instruct the jury as follows:

"1. There is not sufficient evidence to warrant the jury in finding the defendant guilty.

"2. If the defendant fraudulently obtained possession of the piece of paper described in the complaint as the property of Margaret Driscoll, intending at the time he received it to convert it to his own use, Margaret Driscoll intending to part with

her title to the piece of paper, but expecting to receive seventy-five cents in change from the defendant, he cannot be convicted of larceny upon this complaint.

" 3. If Margaret Driscoll purchased of the defendant a ticket for photographs and paid him twenty-five cents therefor, and the defendant thereupon offered to finish off several extra photographs for Driscoll for twenty-five cents more, and Driscoll accepted the defendant's offer, and delivered to him in payment a dollar bill, expecting to receive back seventy-five cents in change, and the defendant fraudulently converted said seventy-five cents to his own use, he cannot be convicted of larceny of the dollar bill.

" 4. If Margaret Driscoll made an agreement with the defendant, and paid him pursuant thereto twenty-five cents, but in the form of a dollar bill from which he was to deduct his twenty-five cents, returning to Driscoll the change, the defendant owned an interest in said dollar bill and cannot be convicted of larceny thereof."

The judge refused to rule as requested, but instructed the jury, among other things, as follows:

" The jury must be satisfied beyond a reasonable doubt that the defendant was the person who had the transaction with the witness Driscoll; if they are not so satisfied, they must return a verdict of not guilty; if they are so satisfied, they must determine whether the taking of the dollar bill was larceny. Ordinarily, larceny is the unlawful taking of property; but where the taking is by fraud and deceit, that is an unlawful taking. You have to consider in this case just what took place; you have the testimony of Margaret Driscoll as to what took place. The matter of this complaint does not rest upon the first twenty-five cents. Whether the first twenty-five cents was obtained to get off with it or not has nothing to do with this case. She said that the defendant said to her that if she would pay twenty-five cents more then he would finish six more pictures for her. She said she told him she did not have any more change, and then did he say to her that he would change a bill, and after he got the bill into his possession did he put it in his pocket, and did he then say that he had another man with him on the road, that he did not have the change, that he would go out and get it changed? More than that, Was that talk about changing the bill merely for

the purpose of getting the bill into his possession and going off with it? If so, then that was larceny. If, on the other hand, he intended to give her the change in good faith, and then went off and made up his mind not to return, that was not larceny. Did he get it into his possession for the purpose of making off with it, or did he get it to change it and afterwards decide not to do so? What did he say, — that he would give her the change, meaning that then and there he would give her the change? When he got the bill into his possession, was his conduct such as to indicate that he did not intend to return with the change? What was the intent with which he got it into his possession? If the whole scheme was to get the money from her by fraud and deception, for the purpose of depriving her of it, it was larceny. Before you can return a verdict of guilty, you should be satisfied that he got the bill by deception, with intent to convert it to his own use."

The defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. W. Rowley*, for the defendant.

*J. D. McLaughlin*, Second Assistant District Attorney, for the Commonwealth.

MORTON, J. The defendant was identified by the witness Driscoll as the man who obtained the bill from her, and, in addition to the representations by which he induced her to part with it, there was evidence that he went away with it and never returned, and that when he was arrested, about ten days later, he denied that he had ever seen her before, gave different names to the officer who arrested him, and said that he had to suffer for some one else. It was competent for the jury to find on this testimony that the title to the bill did not pass to him, and that he obtained possession of it by fraud, with the present intent to convert it to his own use, and did so. This would constitute larceny. *Commonwealth* v. *Rubin*, 165 Mass. 453. *Commonwealth* v. *Lannan*, 153 Mass. 287. *Commonwealth* v. *Barry*, 124 Mass. 325. The first of the rulings asked for by the defendant was therefore rightly refused.

The remaining instructions which were requested by the defendant present questions of more difficulty.

If the circumstances disclosed by the evidence were such as fairly to justify the inference that a relation of trust and confidence arose between the witness Driscoll and the defendant, so that he became her debtor for seventy-five cents, and she gave him credit therefor, then, the title to the bill having passed to him, he could not be convicted of larceny, though he had obtained possession of it by fraud. *Commonwealth* v. *Barry, supra.* But if he was only her hand or agent to get the bill changed, with the right to retain twenty-five cents out of it when he had done so, returning the rest to her, and he obtained possession of the bill by fraud, with the intent at the time to appropriate the whole to his own use, and did so, then the title to the bill remained in her, and he was guilty of larceny. *Commonwealth* v. *Barry,* and *Commonwealth* v. *Lannan, ubi supra. Commonwealth* v. *O'Malley,* 97 Mass. 584. *Justices* v. *People,* 90 N. Y. 12. *Murphy* v. *People,* 104 Ill. 528. 2 Bish. Cr. Law, § 808.

Obtaining possession by fraud in such a case is regarded as having the same effect as obtaining possession by trespass. *Commonwealth* v. *Rubin,* 165 Mass. 453–455. We think that there was no evidence, or if there was, that it was so slight as to be no more than a scintilla, that fairly would have warranted the jury in finding that the transaction was of the former, and not of the latter character. The undisputed testimony was that the defendant received the bill for the purpose of getting it changed, and that he was expected to do so immediately; and though the witness Driscoll did not expect the bill to be returned to her, but only to receive the seventy-five cents, that does not show, and has no tendency to show, that she had parted with the title to the defendant. But the bill remained her property till he had delivered it to another person, and had received the change. *Commonwealth* v. *Lannan, ubi supra.* Nor, for the same reason, was there any evidence which fairly would have warranted the jury in finding that the bill was delivered to the defendant in payment of the twenty-five cents which the witness Driscoll had agreed to pay him, meaning thereby that the property in the bill had passed to him. It was expected that he would receive his pay out of the dollar; but that is very different from saying that the bill, or any part of it, became his, and that the

effect of the transaction was to convert the witness Driscoll from his debtor into his creditor.

In the view of the case which we have taken, the instructions which we are now considering were each based in some particular on a hypothesis which the evidence did not warrant, and were therefore rightly refused. Those which were given were correct.

The statements which were made by the defendant to the officer are not shown to have been made under such circumstances as to render them incompetent. *Commonwealth* v. *Myers*, 160 Mass. 530.                              *Exceptions overruled.*