Alan H. Reed and George K. Reed, formerly trading as Jacob Reed's Sons, Appellants, *v.* The Fidelity and Casualty Company of New York.

*Practice, Supreme Court—Assignments of error—Nonsuit—Appeals.*

An appeal does not lie from the entry of a compulsory nonsuit, but only from the refusal of the court in banc to take it off.

*Principal and surety—Master and servant—Larceny—Embezzlement.*

In an action upon a bond securing an employer against loss by reason of the fraudulent or dishonest acts of an employee amounting to embezzlement or larceny, a nonsuit is properly entered where there is no evidence to show that the employee personally received goods shipped to him, or that they had been in his actual control, or that he had ever received the proceeds of the sale of them.

A tailoring firm sent clothes to an agent in a distant city under an agreement that, if they were not accepted by the persons ordering them, he should return them within thirty days after they were sent to him, and if they were accepted he was to collect the money and remit. He never accounted for them. It was not shown that he ever received any of them or any money for them. In an action by the firm on a bond securing them against any pecuniary loss from the fraudulent or dishonest act of the agent

" amounting to embezzlement or larceny," it was *held* that plaintiffs could not recover.

Argued Jan. 12, 1899.   Appeal, No. 255, Jan. T., 1898, by plaintiffs, from order of C. P. No. 2, Phila. Co., March T., 1894, No. 1058, refusing to take off nonsuit.   Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Assumpsit upon a bond of suretyship.   Before SULZBERGER, J.

At the trial it appeared that plaintiffs employed Carl H. Leid-ing as their agent in Charleston, S. C., to solicit orders for suits of clothing, make the necessary measurements and trans-mit these to them.   They manufactured the suits and sent them to Leiding who, by his agreement, was to return them to the plaintiffs within thirty days after he received them, if they were not accepted by the persons for whom they had been made, or, if they were accepted, he was to collect the money at once and immediately remit to appellants.

The defendant issued a bond to secure plaintiffs against loss by reason of the fraudulent or dishonest acts of Leiding " amount-ing to embezzlement or larceny."   Leiding had a partner in Charleston named L. W. Rivers, and the goods were furnished on the orders of Leiding and Rivers.   All deliveries were made at Charleston, and Rivers remained there in charge of the busi-ness, while Leiding spent most of his time at a branch office in Atlanta.

The court entered a compulsory nonsuit, saying:

The fraudulent or dishonest acts insured against in the con-tract before us may be classified in two categories, namely, fraudulent or dishonest acts in violation of equity, good con-science and the civil law, and fraudulent and dishonest acts which go beyond that line, and subject the perpetrator of them to the penalties of the criminal law.   By the express terms of this bond the defendants insure against fraudulent or dishonest acts of the second category, only, to wit: (as expressed in the bond) those amounting to embezzlement or larceny.

Embezzlement or larceny are both terms of the criminal law, and in no respect are they terms of contract law.   Therefore, unless a criminal offense be proved against Leiding the bond

does not insure against his acts.   Now, what criminal offense has been proved against Leiding by the evidence?   To test the criminality of Leiding a simple device may be resorted to.   If Leiding could come into court here, being on trial for embezzlement or larceny, and hear all the evidence that has been submitted, and then say, "I acknowledge that every word that has been said is true," and notwithstanding that acknowledgment it would be entirely consistent with his having committed at most a civil offense, I do not think a conviction could be sustained.   Every one of the delinquencies charged to Leiding may be due to causes beyond his control, and if due to causes under his control they are all entirely compatible with non-criminality.   Not one of these goods may, for all we know, ever have got to Leiding's own hands.   It is admitted that a large portion of them went to other hands, and the plaintiff himself shipped goods contemporaneously to two places distant from each other, where Leiding could not have been physically to take them both at the same instant of time.

I hold that under the bond sued on Leiding must have done things that made him criminally liable before a recovery can be had.   He must have either personally received the goods or they must have been traced to his actual control.   Wherever the evidence of his receiving them merely shows a constructive receipt of the goods that is not sufficient to hold a man guilty of a criminal offense.   He might have been guilty of a wrong —that is, instead of sending to the customers the goods C. O. D., as he was required to do by his contract, he might have violated this, in the belief that he was benefiting his master, and concluded that he would send out the goods on credit, relying on the responsibility of the party to return the goods.   This is a wrongful act, in view of the contract law; it is a violation of duty; but it is not a criminal offense if he had no intent to steal or appropriate anything.   If he never got the proceeds, and therefore never could have appropriated them, then he never did appropriate them.   I shall have to enter a nonsuit in this case.

*Errors assigned* were (1) in entering nonsuit; (2, 3) in refusing to take off nonsuit.

*William H. Burnett,* for appellants, cited People v. Dumar,

106 N. Y. 508; Tebbetts v. Mercantile Guarantee Co., 38 U. S. App. 431; Com. v. Chathams, 50 Pa. 181; Hutchison & Batchelder v. Com., 82 Pa. 472; Krause v. Com., 93 Pa. 418; 1 Wharton on Criminal Law (9th ed.), ch. 13, sec. 963; Reg. v. DeBanks, 50 Law Times (N. S.), 427; Reg. v. Turner, 22 Law Times (N. S.), 278; Com. v. Butterick, 100 Mass. 1; Warmoth v. The Commonwealth, 81 Ky. 133; Jones v. The State, 59 Ind. 229; Com. v. Berry, 99 Mass. 428; Com. v. Smith, 129 Mass. 104; Campbell v. The State, 35 Ohio St. 70.

*Richard P. White,* for appellees, was not heard.

PER CURIAM, January 30, 1899:

We have repeatedly said that an appeal does not lie from the entry of a compulsory nonsuit, but only from the refusal of the court in banc to take it off. The first specification of error is therefore useless.

The second and third specifications are substantially the same, and present the only question in the case, whether the court erred in refusing to take off the nonsuit entered by the learned trial judge.

A careful consideration of the testimony on which the plaintiffs rely has satisfied us that it is insufficient to justify submission of the case to a jury. The reasons for this conclusion are sufficiently stated by the learned trial judge in his opinion delivered "upon entering the nonsuit," and need not be repeated here.

Judgment affirmed.