Great Northern Manufacturing Company, Defendant in Error, v. Alexander C. McNeill et al., Plaintiffs in Error.

Gen. No. 14,591.

1. BONDS—*quantum of proof in action upon fidelity bond.* In a civil action upon a fidelity bond, recovery may be had upon proof establishing the plaintiff's case by a preponderance of the evidence.

2. BONDS—*when proof sufficient to sustain action upon fidelity.* Held, that the evidence in this case, which showed the unexplained departure of an employe without making an account of the funds in his possession was sufficient to sustain the judgment in favor of the employer upon a fidelity bond.

Action of debt. Error to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed October 29, 1909.

DAVID & ZILLMAN, for plaintiffs in error.

CHARLES DANIELS and SUMNER C. PALMER, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

This writ of error is prosecuted to reverse a judgment of the Municipal Court of Chicago against plaintiffs in error on a bond of indemnity executed by plaintiffs in error, as sureties, and one Walter H. Fleming, as principal.

The record shows that the defendant in error in July, 1907, was engaged in selling premium goods and merchandise through traveling agents or solicitors; that Fleming, having applied for employment with the defendant in error, was required to give a fidelity bond, and that thereafter the plaintiffs in error, together with Fleming, executed and delivered the bond to defendant in error. It appears that on September 7, 1907, Fleming was entrusted by defendant in error with a sample case containing dishes, crockery and other merchandise, valued at $15, and was also given $35 for expenses. He was directed by defendant in error to go to Decatur, Illinois, there to meet one Sayer, another employe of the defendant in error, and was to proceed to work under his directions. Fleming, after departing from the office of the defendant in error on September 7, 1907, has not been heard from.

Defendant in error in December, 1907, commenced suit on the bond in the Municipal Court of Chicago, against plaintiffs in error. The appearance of plaintiffs in error was filed.

By the condition of the bond sued on it was provided that the surety should, at the expiration of three months next after satisfactory proof of the pecuniary loss, as therein mentioned, reimburse the employer to the extent of the sum of one hundred dollars and no further, for such pecuniary loss as the employer shall have sustained by any act of larceny or embezzlement on the part of the employe in the performance of the duties of the office or position in the service of the employer, as the same may be stated in writing by the employer to the company, and occurring during the

continuance of the bond and discovered during said continuance or within ten days thereafter.

The only question raised on the record is whether or not the unexplained absence of Fleming from September 7, 1907, to the date of suit makes a *prima facie* case against his sureties, plaintiffs in error, on the bond.

It is contended on behalf of plaintiffs in error that the evidence is not sufficient to support the finding and judgment because the fraudulent or dishonest acts insured against by the terms of the bond are acts amounting to larceny or embezzlement on the part of the employe in connection with the duties of his office or position, and that a criminal offense must be proved against Fleming; and Reed v. The Fidelity & Casualty Co. of New York, 189 Pa. 596, and Williams v. U. S. Fidelity & Guaranty Co., 66 Atl. Rep. 495, are cited and relied upon. We think, however, that in a civil action on the bond, the rule of evidence is not the same as in criminal cases and that the offense need not be proved by evidence which leaves no reasonable doubt in the minds of the court or jury. But, however that may be, we think the evidence in this record is sufficient to support the judgment.

In Murphy v. The People, 104 Ill. 528, Murphy was jointly indicted with one Fay for the crime of larceny. The proof on the trial was that one Coskey and a friend accompanying him entered a saloon kept by Fay and procured drinks, and Coskey, not having the exact amount of money with which to pay for the drinks, handed Fay a twenty dollar gold coin, United States coinage, for the purpose of making change. Fay could not "change" it, and thereupon pushed the coin towards Murphy, who was standing at the bar, and requested him to go and get the coin "changed," Murphy took the coin, left the saloon and never returned or accounted for the money. The court held the proof sufficient, citing Farrell v. The People, 16 Ill. 506; and Welsh v. The People, 17 Ill. 339. In the Welsh case

it was said: "Where, as in this case, the alleged larceny is perpetrated by obtaining the possession of the goods by the voluntary act of the owner, under the influence of false pretenses and fraud, when the cases are carefully examined and well understood, there is no real difficulty in deducing the correct rule by which to determine whether the act was a larceny and felonious, or a mere cheat and swindle. The rule is plainly this: if the owner of the goods alleged to have been stolen, parts with both the possession and the title to the goods to the alleged thief, then neither the taking nor the conversion is felonious. It can but amount to a fraud. It is obtaining goods under false pretenses. If, however, the owner parts with the possession voluntarily, but does not part with the title, expecting and intending that the same thing shall be returned to him, or that it shall be disposed of on his account, or in a particular way, as directed or agreed upon, for his benefit, then the goods may be feloniously converted by the bailee, so as to relate back and make the taking and conversion a larceny. The pointed inquiry in such a case must always arise, did the owner part with title to the things, and was the title vested in the prisoner?" The court held that no ground was apparent upon which it could be held that the conviction of Murphy was not sustained by the evidence, and that the proof on behalf of the prosecution made a case. The intent may be inferred from the circumstances. Stinson v. The People, 43 Ill. 397.

No presumption of death can be indulged in to relieve Fleming from the imputation of criminal intent cast upon him by the facts shown by the evidence. The proof in this case appears to be sufficient under the authorities cited to warrant the finding and judgment in this case.

Evidence was introduced tending to show that Fleming was employed on a commission basis. The evidence does not show the contract of employment. The point is made, however, that an agent or employe work-

ing on commissions cannot embezzle or steal the funds that he works with, even though the greater part thereof belongs to his principal.    The cases cited in support of this contention are not applicable to the case at bar. The contention itself is without merit in this case.

The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*