## Perry *v.* Southern Surety Co., Appellant.

*Insurance—Theft — Evidence — Sufficiency — Interpretation of policy.*

In an action, upon a policy of insurance against loss by burglary, larceny or theft, to recover for the loss of a valuable ring, evidence to show the circumstances connected with the disappearance of the ring, which excluded any other theory than that it had been taken by theft, is sufficient to sustain a finding by the court, before whom the case was tried without a jury, in favor of the plaintiff.

An insurance policy will not be so interpreted as to render it frivolous and ineffective.

*Words and phrases—"Conclusive evidence."*

The phrase "conclusive evidence" is frequently used inaccurately to define evidence which, if believed, though not conclusive, satisfies the mind to a moral certainty. When used in a policy of insurance against loss by theft, it will not be construed as requiring the production of such evidence as could only be supplied by one who actually saw the theft committed.

Argued October 13, 1921. Appeal, No. 153, Oct. T., 1921, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1919, No. 172, for plaintiff, in the case of Laura Jayne Perry v. Southern Surety Company, a corporation. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

222, (1922).] Statement of Facts—Opinion of the Court.

Assumpsit on a policy of insurance to recover for loss of ring alleged to have been stolen. Before PATTERSON, J., without a jury.

The opinion of the Superior Court states the case.

The court found in favor of the plaintiff, and entered judgment thereon for the value of the ring, in the sum of $500. Defendant appealed.

*Errors assigned* were refusing to direct judgment for defendant, and refusing to grant motion for judgment non obstante veredicto.

*Maurice W. Sloan,* for appellant.—The evidence produced was not conclusive evidence of burglary, larceny or theft, as required by the policy, and judgment should be for defendant.

*Graham C. Woodward,* and with him *Frederick M. Leonard,* for appellee.—A policy of insurance against theft will not be so construed as to render it frivolous and ineffective, or to require a higher degree of proof to charge the insurance company than would be required to convict the burglar or thief: Miller v. Massachusetts Bonding & Ins. Co., 247 Pa. 182.

OPINION BY PORTER, J., March 3, 1922:

This action was upon a policy of insurance against loss of property by burglary, larceny or theft, committed by any person or persons, from within the interior of the premises of the plaintiff. The property, for the loss of which the action was brought, consisted of a gold ring with a setting of three pearls surrounded by diamonds. Evidence was introduced by the plaintiff to show the circumstances connected with the disappearance of the ring, which excluded any other theory than that the property had been taken by theft. The particulars of the evidence need not here be recited. The case was tried before one of the judges of the court below,

without the intervention of a jury. At the close of the trial the defendant submitted a request that the court find in its favor, upon the ground that the evidence of theft was not such as the covenants of the policy required, which point the learned judge refused, and entered judgment in favor of the plaintiff. The defendant filed exceptions to this ruling and moved for judgment in favor of the defendant notwithstanding the finding of the trial judge. The court in banc overruled the exceptions and entered judgment in favor of the plaintiff, which rulings are assigned for error.

The ground upon which the finding in favor of the defendant was asked, and on which the motion for judgment rested, was the insufficiency of the evidence submitted to meet the requirements of a clause in the policy which reads as follows: "The company shall not be liable for any loss......unless the assured can show conclusively that loss was occasioned by burglary, larceny or theft, and the mere disappearance of property herein insured shall not be deemed as evidence that the loss was occasioned by burglary, larceny or theft."

Appellant's contention is, as stated in its paper-book, that, "Under the provisions of this section, the burden is upon the assured to show conclusively a loss by burglary, larceny or theft. The word 'conclusively' is derived from the word 'concludo,' meaning to 'shut out or preclude.'" This contention gives to the word "conclusively" a meaning so severely technical that, if it is to prevail, a policy containing the provision we have here, could avail the assured only in cases so rare that the average person would hardly think the contingency in which the policy could operate worth guarding against. The judgment of a court of competent jurisdiction is conclusive of the facts involved in the issue, as between the parties to the record and, in some cases, those whose rights are involved in the issue and are duly notified to defend those rights, but it is not conclusive as to other parties. Evidence which is conclusive of a fact is evi-

dence of such a character that the defendant is estopped
to contradict it. Had the thief who stole this ring been
caught, tried and convicted, then, even if it were con-
ceded that that conviction would have been admissible in
evidence in this case, it is clear that this defendant would
have still been free to prove that the ring had not been
stolen and still remained in possession of the plaintiff;
the conviction would not, as against this defendant, have
been conclusive evidence of the theft. Had this plaintiff
produced at the trial one or more witnesses who posi-
tively testified that they saw a thief steal the ring, the
credibility of such witnesses would still have been a ques-
tion for the jury; the defendant would have been free to
contradict or impeach that testimony. Even direct oral
testimony cannot, in such a case, be said to conclusively
establish, in a technical sense, any fact. It is not rea-
sonable to assume that the parties intended by the lan-
guage used to accomplish an absurd result. "Technical
terms are ordinarily, but not always, to be given their
technical meaning; where they are obviously used in a
different sense it is the intention that governs. Just
what the parties understood by direct and affirmative
evidence may not be clear; but of this we feel very cer-
tain, they did not employ these words with a view to
render the policy frivolous and ineffective. And it
would be both were it enforceable only as some one could
be produced who had seen the thief at his work. A rea-
sonable construction of the words would ascribe to the
parties the single purpose to require something more
than the mere fact of loss to entitle the assured to re-
covery on the policy. The fact that the clause concludes
with a provision that the disappearance of the property
should not be deemed direct evidence, is an indication,
more or less strong, that the word 'direct' was not used
in its strict technical sense": Miller v. Massachusetts
B. & I. Co., 247 Pa. 185. The phrase "conclusive evi-
dence" is frequently used inaccurately to define evidence
which, if believed, though not conclusive, satisfies the

mind to a moral certainty.   Even in criminal cases, where life and personal liberty are involved, the law goes no further than to require that guilt shall be proved beyond a reasonable doubt.   The accepted definition of a reasonable doubt is, that state of the case which after an entire comparison and consideration of all the evidence, leaves the mind of the jury in that condition that they cannot say that they feel an abiding conviction to a moral certainty of the truth of the charge.   The contention of this appellant would lead to the conclusion that the parties to this contract intended to lay down a rule requiring evidence which could not, in any case reasonably conceivable, be produced.   The covenants of the policy do not require such a construction.   Generally, moral certainty only is required, or that degree of proof which produces conviction in an unprejudiced mind, and evidence which produces such conviction is satisfactory: Freese v. Hibernia Savings & Loan Society, 139 Cal. 392.   In considering whether or not such degree of proof has been attained, we have the right to consider such presumptions and inferences as are authorized by the law of evidence.   The evidence in this case was clear and satisfactory, and that is all that a reasonable construction of this policy should be held to require.

The judgment is affirmed.