STATE OF MAINE *vs*. FRED P. MORIN.

Aroostook.     Opinion, November 15, 1932.

*J. Frederic Burns,* for the State.
*George J. Keegan,*
*Bernard Archibald,* for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J. The respondent was convicted in the Trial Court of larceny by fraudulently converting to his own use two automobiles which he held as bailee under trust agreements with the Atlantic National Bank of Boston. The case is here on exceptions and appeal.

The evidence introduced by the State tends to prove that some time prior to July, 1930, the respondent, a dealer in Peerless automobiles in Van Buren, Maine, ordered three cars from J. C. Harvey of Boston, who was New England distributor. The cars were shipped direct to the respondent from the factory, but the bill of lading, with draft attached, was sent to the distributor.

The Atlantic National Bank financed the sale. It paid J. C. Harvey the amount of the draft and, having obtained his indorsement on three unsigned notes aggregating $3,471, sent them, together with corresponding trust receipts evidencing its title in the cars, the bill of lading, and a sight draft for $1,000 to the First National Bank of Van Buren, where the respondent paid the draft

and signed the several notes and receipts. Two days later, the cars were unloaded.

By the terms of each of the trust receipts, the respondent acknowledged that the automobile therein described was the property of the Atlantic National Bank, taken and held by him solely for storage, and agreed that the car was not to be operated, sold, loaned or encumbered until the amount stated in the receipt was paid. The sale of two of the cars before payment of the amounts due thereon is the basis of this prosecution.

The respondent, on his trial, insisted that he disposed of the cars in good faith and under a bona fide claim of right growing out of previous arrangements made with those with whom he understood he was dealing. He says he ordered the cars from one Dewey Christmas of Bangor, a sub-distributor, and asserts that, so far as he knew, the notes and receipts he signed at the Van Buren bank were to and for J. C. Harvey. His statement that he is an illiterate man who can not read and that the papers were not read or explained to him is not refuted.

Frankly admitting that he sold two of the cars in the usual course of trade, receiving some money and used cars in payment, the respondent testifies that he remitted a substantial part of the money to J. C. Harvey on account of a car shipped on a prior order and used practically the entire balance in repaying money borrowed to meet freight charges and the sight draft from the Atlantic National Bank. One of the used cars was traded for 250 barrels of potatoes. The other brought junk value only. His claim that the third car covered by the trust receipts was taken by the sub-distributor, Dewey Christmas, is not questioned, and his surrender of it is not here involved.

In support of his denial of fraudulent intent, the respondent sought to introduce proof of authority from the distributor and sub-distributor for his sale of the cars and use of the proceeds. Testimony of this import was offered, but excluded under a general ruling that any conversations contradicting the express terms of the trust receipts were inadmissible. Barred from pursuing this line of inquiry, counsel for the respondent noted objections and reserved exceptions.

352

The respondent is charged in the indictment ·with statutory larceny as defined in Revised Statutes, Chap. 131, Sec. 10. A fraudulent intent to deprive the owner of his property and appropriate the same is the gravamen of the offense. 2 Bishop's New Crim. Law, Sec. 379. If the respondent sold his bailor's property under an honest and well-founded belief that he had the right so to do, the necessary felonious intent is lacking and a verdict of guilty was not warranted. *Com.* v. *Hurd,* 123 Mass., 438; *Com.* v. *Bennett,* 118 Mass., 443. He was entitled to introduce evidence tending to show that he acted in good faith and had no intention to convert. *Underhill's Crim. Ev.,* 644; *Lindgren* v. *U. S.,* 260 Fed., 772; *Frink* v. *State,* 56 Fla., 62; *Nesbitt* v. *State,* 65 Texas Cr., 349, 144 S. W., 944. The parol evidence rule does not apply. In prosecutions for embezzlement against a party to a written contract, parol evidence is admissible to show the belief under which the accused acted, although it tends to alter or contradict the terms of the instrument. *Walker* v. *State,* 117 Ala., 42, 23 So., 149; *State* v. *Newman,* 74 N. H., 10, 64 A., 761; 1 *Greenleaf on Evidence,* Sec. 305h; 5 *Wigmore on Evidence,* 2nd Ed., Sec. 2446.

The respondent was unduly restricted in his defense. The exclusions of the evidence he offered, on the ground that no conversations which contradicted the trust receipts were admissible, were error, and his exceptions reserved to these rulings must be sustained. Questions raised by other exceptions and the appeal need not be decided.

*Exceptions sustained.*