*168
 
 Pea usosr, J.
 

 In
 
 "Hardin's case” 2
 
 Dev. and Bat. 407, it is decided, that the taking and conveying away of the slave must
 
 be from the 'possession of the owner.
 
 The point on which the case turned, was not whether taking from the possession of the owner, or “conveying” away from his possession, amounted to the same thing (about which learned men would scarcely differ;) but whether the Statute, besides having the effect of making it a felony to convey away a slave from the possession of the owner, could, by a proper construction, be made to have the further effect of creating a new and distinct felony, where the' slave was conveyed away from the possession of one, who had previously, by stealing, violence, or seduction, or otherwise, dispossessed the owner, so that this new felony was not to involve an injury to the
 
 possession of the oivner 7
 
 That was the point. The Court held, that the creation of a new felony, simply by the use of the word, “or,” in a very awkward connection, eonld not be justified by any sound rule of construction, and that, if the intention of the legislature had been to make those who committed a subsequent asportation, after the owner had lost his possession, guilty as principal
 
 felons, “
 
 this intention would have been explicitly expressed in terms more ap-propriateand less equivocal, by the use of the words,
 
 procurers, or receivei-s,
 
 or some terms, by which they were explicitly embraced, ns had'been done in analogous cases.”
 

 The act of] 848, which is now before us for construction, professes to be explanatory of the act of 1779 ; and the whole explanation consists in using the word,
 
 '■'■either”
 
 before “take or convey away.” This does not obviate the difficulty in the slightest degree. "We are satisfied, that the draftsman of the act did not understand the point in
 
 "Hardin's case,”
 
 otherwise he would not have supposed, that the word,
 
 “
 
 either,” superadded, could explain and show, that, the legislature meant to create a new offence, so as to punish with death, not only a conveying away a slave from the possession of the owner, but the procuring him to be so conveyed away
 
 *169
 
 or receiving him from one, who had before taken or conveyed him away, so the offence would be the receiving and caring away a slave from the possession oí one, who had
 
 dispossessed the owner,
 
 and, by the usual analogies of the criminal law, made himself the principal felon, the receiver being an accessory after the fact.
 

 ■ This misconstruction of the draftsman, we suppose, originated, in his confining his attention to the doubt expressed, as to whether the words, “take or convey away,” “do not require the interpretation, that
 
 either
 
 constitutes the offence within the meaning of the legislature.” If he had' taken a more comprehensive view of the subject, he would have seen, that the majority of the Court arrive at the conclusion that
 
 either
 
 does not constitute the offence; and that it was necessary in express and unequivocal terms to say, whether it was the intention of the legislature to make it a felony to convey away a slave from the possession of one, who had before taken him from the possession of the owner, and to put a receiver or procurer on the footing, not of an accessory} but of a principal felon.
 

 As the decision in
 
 Hardin's case
 
 was acquiesced in, and the reasoning is not met by the word “ either,” introduced into the act of 1848, for it, in this connection, in fact, means the same thing as the word “or,” we do not feel at liberty to depart from the construction adopted in
 
 Hardin's case,
 
 especially in a matter of life and death, where there has been a distinct announcement, that this Court cannot give to a statute the effect of creating a new felony, unless the intention of the law-makers is expressed in plain and unequivocal
 
 terms of enactment.
 

 There should be a
 
 venire de novo.
 

 Per Curiam.' Ordered to be certified accordingly.