### THE STATE vs. JAMES FAIRCLOUGH AND ANOTHER.

If a bailee opens a package of goods entrusted to his care, and takes away the goods
or any part of them and disposes of them to his own use, *animo furandi*, it is
larceny.   Otherwise if he takes away and converts the whole package entire.
And it makes no difference whether the bailee is such with or without hire.

INFORMATION for larceny.   The defendants, husband and
wife, were requested by one Goodsell, of Woodbridge, in New
Haven county, by whose house they were passing in a wagon
on their way to New Haven, to carry to New Haven a box
containing jewelry and other valuables, and deliver the same
at a certain jewelry store there.   They had been left at the
house of Goodsell by a Mrs. Comer, the owner, who had
requested that they should be forwarded to her at the place
named in New Haven.   The box was wrapped in paper and
tied up with twine.   The defendants took it and agreed to
deliver it as requested, but declined to take any compensation
for their trouble.   They never delivered it, and were after-
wards found in possession of some of the articles which were
in the box at the time, and were prosecuted for larceny.
   On the trial the judge charged the jury that if they should
find that the defendants took the package in question upon an
agreement to take the same to New Haven and deliver it there
as directed, and on the way there, or before the bailment termi-
nated, broke the package for the purpose, and with the feloni-

ous intent, to take and convert the contents to their own use, and did so break and take and convert a part or all of the contents of the package, they were guilty of theft.

The jury having found the defendants guilty, they moved for a new trial for error in the charge of the court.

_Doolittle_, with whom was _Webster_, in support of the motion. The rule as to larceny in the case of carriers for hire, does not apply to a gratuitous bailee. 1 Hale, P. C., 504. 2 East, P. C., 554, 697. The true rule is stated in 2 Swift Dig., 314, as follows :—" If a person obtain possession of the goods of another for a temporary use by a lawful delivery, without fraud, although he afterwards convert them to his own use with a felonious intent, it will not be theft; for if the possession was first obtained in a lawful manner, no subsequent wrong or fraud can make it a felony." Wharton Crim. Law, §§ 1790, 1860. _Regina_ v. _Glass_, 2 Car. & Kir.,-395. _Regina_ v. _Thristle_, id., 842. _Regina_ v. _Hey_, id., 983. _State_ v. _Ransom_, 22 Conn., 153.

_Foster_, (State Attorney,) and _L. G. Peck_, contra, cited 1 Hawk., P. C., 135 ; 2 East, P. C., 664, 697 ; _Rex_ v. _Jones_, 7 Car. & P., 151; _Regina_ v. _Jenkins_, 9 id., 38; _Rex_ v. _Madox_, Russ. & Ry., 92 ; _Rex_ v. _Brazier_, id., 337 ; _Cheadle_ v. _Buell_, 6 Ohio, 67 ; _Commonwealth_ v. _Brown_, 4 Mass., 580 ; _Dane_ v. _Baldwin_, 8 id., 518, 521; _Commonwealth_ v. _James_, 1 Pick., 375 ; 2 Stark. Ev., 448 ; Roscoe's Crim. Ev., 598 ; Wharton Crim. Law, § 1860, _et seq._; 3 Greenl. Ev., § 162.

STORRS, C. J. The defendants in this case were plainly either the servants or bailees of the owner of the goods alleged to have been stolen, but which of these relations they sustained to him it is unnecessary to consider, because, whichever it was, the charge of the court below was, in our opinion, correct.

If they were only his servants, it is well settled, and indeed is admitted, that they had no property in the goods, and that the possession of them, by their delivery to the defendants,

was not in law changed, but remained as before in the owner, the possession of a servant in such a case being the possession of the owner, and that therefore, if, while they were in charge of the defendants, they converted all or any of the goods to their own use *animo furandi*, it was a larceny, although the intention to convert them was not conceived until after they were delivered to them.

If, however, the defendants were not the servants but the bailees of the owner, it is equally clear from the authorities that their breaking of the package containing the goods and conversion of them to their use *animo furandi* while they were on their way to the place where they agreed to carry them, constituted a larceny, although they were not originally received by the defendants with any such intention, and that therefore, in this view of the case, the charge below was correct. The general principle, as stated by all the elementary writers on criminal law, and, as we think, established by all the adjudged cases from the earliest times, is, that if a carrier or other bailee opens a package of goods and takes away and disposes of them or any of them to his own use *animo furandi*, it is larceny, although it is not if he takes away and converts the whole package entire. The principle is thus stated by Lord Coke. " If a bale or pack of merchandize be delivered to carry to one, at a certain place, and he goeth away with the whole pack, this is no felony; but if he open the pack and take any thing out *animo furandi*, this is larceny: likewise if a carrier carry it to the place appointed, and afterwards take the whole pack *animo furandi*, this is larceny also; for the delivery had effect, and the privity of bailment is determined." 3 Co. Inst., 107. 1 Arch. Crim. Pl., 192. Roscoe's Cr. Ev., 543. Commentators do not agree as to the reason for the distinction between the taking and conversion of the entire package delivered to the carrier and of a part only of its contents. Some suppose that it proceeds on the ground that the breaking of the package furnishes proof that the goods were originally taken with a felonious intention. But the answer to this explanation, suggested by Mr. East, appears to be quite satisfactory, that if taking a part is evidence of the original

felonious intent, no less would the taking of the whole be. 2 East P. C., 697. Others, however, consider the distinction to be founded on the principle that, by the tortious act of the carrier in breaking the package and abstracting the contents, the contract of bailment to him is determined, and that he therefore thereby ceases to have any special property in the goods, and stands in no better situation in respect to the possession of them than a servant having the mere charge or custody of them. This latter reason, although of a somewhat refined and artificial character, is the most prevalent, and indeed it is now generally considered, and we think properly, as the true one. 3 Co. Inst., 107. 1 Arch. Cr. Pl., 192. 1 Hawk. P. C., ch. 33, §§ 5, 7. 1 Hale P. C., 504. 2 East P. C., 695.

If the principle which has been stated, regarding the breaking of a package by a carrier, be a universal one, it is conceded that the jury in this case were properly instructed. But the counsel for the defendants, while they admit the principle to be generally true, deny that it is universal, and claim that it does not apply to a carrier who transports goods gratuitously, but only to one who carries for hire, and they therefore insist, as they properly may if there is this exception or qualification to this general rule, that as the defendants were to transport the property in question gratuitously, in order to render them guilty of larceny it was necessary to show that they originally received it with a felonious intention. We perceive no just ground for such a distinction between a gratuitous carrier and one for hire. In point of morality there is no difference between them. The reason, whatever it may be, for the rule as to the opening of a package and the conversion of its contents, is equally applicable to both. Nor do we discover that any such distinction is recognized or acted on in the adjudged cases. It is indeed probable that in most of the cases of indictments against carriers, they were to receive a compensation. But in many of them it is not stated whether such was the case, and in none of them does the decision appear to be influenced by that circumstance. And although in several of them it would seem that there was a ground for this distinc-

tion if it had been supposed to exist, in none of them was it raised, excepting in the case of *Regina* v. *Jenkins*, (9 Car. & P., 38,) in which the distinction was disallowed. See also *Rex* v. *Jones*, 7 Car. & P., 151 ; *Cheadle* v. *Buell*, 6 Ohio, 67.

We therefore do not advise a new trial.

In this opinion the other judges concurred.

New trial not advised.