MARY McLAURINE, *Ex Parte.*

Neither a Justice of the Peace, nor the Judge of the Special Court of the City of Wilmington, has jurisdiction over larceny.

The power of the Judge of the Special Court of Wilmington to issue writs of *habeas corpus,* is confined to criminal cases falling within his jurisdiction. '

(*State* v. *Haughton, State* v. *Jarvis,* and *City of Wilmington* v. *Davis,* at this term, cited and approved.)

HABEAS CORPUS, heard by *Cantwell, J.,* at April Term 1869, of the Special Court of the City of WILMINGTON.

The petitioner was brought before a Justice of the Peace on the charge of larceny, convicted and sentenced to be fined and imprisoned. She afterwards sued out a writ of *habeas corpus* before Judge Cantwell, and was discharged; his Honor being of the opinion that the Justice had no jurisdiction, or had exceeded his jurisdiction. From this the Solicitor for the State prayed an appeal, which was allowed.

*Attorney General,* for the State.

*Bragg, contra.*

DICK, J. A Justice of the Peace has no jurisdiction to try a person charged with the offence of larceny. *State* v. *Jarvis,* at this term.

The defendant was, therefore, improperly convicted and imprisoned. But she has mistaken her remedy. She ought to have appealed to the Superior Court from the judgment of the Justice; or have applied to a Judge of the Superior Court or a Justice of the Supreme Court for a writ of *habeas corpus,* as they have general jurisdiction in all cases of unlawful imprisonment: Act of April 6th 1869. The jurisdiction of the Special Court of Wilmington is limited to the trial of misdemeanors committed within the corporate limits of said city. *City of Wilmington* v. *Davis,* at this term. The power of the Judge of said Special Court to issue writs of *habeas corpus,* conferred

by Act of 1868, ch. 12, sec. 17, is confined to criminal cases within his jurisdiction, and cannot be extended by implication to cases which he cannot hear and determine, and he has no jurisdiction in cases of larceny. *State* v. *Haughton*, at this term.

His Honor therefore had no power to issue the writ of *habeas corpus* in this case, and the proceedings are dismissed.

PER CURIAM.                        Petition dismissed.