THE STATE v. TERRILL.

**Criminal Law:** ENTICING AND CONCEALING WOMAN FOR PROSTITUTION : INDICTMENT : DUPLICITY. Under section 4016 of the Code, as amended by section 2, chapter 142, Laws of 1884, the inveigling or enticing of a female before reputed virtuous to a house of ill-fame constitutes one offense, and to knowingly conceal or assist or abet in concealing such female so deluded or enticed, for the purpose of prostitution or lewdness, constitutes another offense; and where in some of the counts of an indictment one offense is charged, and in other counts the other is charged, and in another count both are charged, and the verdict is "guilty as charged in the indictment," with nothing in the record to show what count or counts the jury found to be sustained, *held* that it was error to overrule a motion in arrest of judgment.

*Appeal from Dallas District Court.*—HON. J. H. HENDERSON, Judge.

FILED, OCTOBER 31, 1888.

DEFENDANT appeals from the judgment of the district court which requires him to be imprisoned in the penitentiary at Fort Madison for the term of four years. The facts are stated in the opinion.

*Edmund Nichols*, for appellant.

*A. J. Baker*, Attorney General, for the State.

ROBINSON, J.—The indictment on which defendant was tried contains five counts, the first of which is as follows: "The grand jury of the county of Dallas, in the name and by the authority of the state of Iowa, accuse Edward Terrill of the crime of inveigling and enticing a virtuous female to a house of ill-fame, and knowingly aiding and abetting in concealing said female so deluded for the purpose of prostitution and lewdness, committed as follows: The said Edward

Terrill on the tenth day of January, in the year of our Lord one thousand eight hundred and eighty-eight, in the county aforesaid, said Edward Terrill, on the said tenth day of January, 1888, at the city of Perry, in said county and state, one Emma Aeck, a virtuous female then and there being, did inveigle and entice away to a house of ill-fame for the purpose of prostitution and lewdness ; and on said tenth day of January, 1888, said Edward Terrill did knowingly aid and abet in concealing said Emma Aeck, so deluded and enticed away, for the purpose of prostitution and lewdness, contrary to and in violation of the statutes of the state of Iowa. The crime charged in this count of this indictment is the same offense as is charged in counts two, three, four and five thereof.'' The indictment was evidently designed to charge an offense under section 4016 of the Code, as amended by section 2, chapter 142, Acts Twentieth General Assembly, which reads as follows : '' Section 4016. If any person entice back into a life of shame any person who has heretofore been guilty of the crime of prostitution, or who shall inveigle or entice any female before reputed virtuous to a house of ill-fame, or knowingly conceal or assist or abet in concealing such female so deluded or enticed for the purpose of prostitution or lewdness, he shall be punished by imprisonment in the penitentiary not less than three nor more than ten years.'' It is insisted by appellant that the indictment is bad for duplicity, in that it charges two distinct crimes, and not a compound offense within the meaning of section 4300 of the Code. The offenses contemplated by that section are those which are committed by the doing of a single act, or a series of acts, which constituted but one transaction. Under section 4016 of the Code, as amended, the inveigling or enticing of a female before reputed virtuous to a house of ill-fame constitutes a complete offense, and to knowingly conceal or assist or abet in concealing such female, so deluded or enticed for the purpose of prostitution or lewdness, constitutes another. The two offenses may be committed by the same person, in connection with the

same female ; but they may also be committed by different persons, without concert of action. The second count of the indictment charges the commission of the offense first named. The third and fourth counts seemed designed to charge the commission of the second offense, while the fifth count charges both. The jury found the defendant "guilty as charged in the indictment," and there is nothing in the record to show what count or counts the jury found to be sustained. We conclude that the district court err ed in not sustaining defendant's motion in arrest of judgment. The judgment is therefore

REVERSED.