## GEORGE SUMMERS v. THE STATE.

### No. 2634.    Decided June 23, 1903.

**1.—Bill of Exceptions.**

A bill of exception to the court's action in permitting the State to prove that defendant, who was charged with the theft of money, had given some money to another person during the night of the alleged theft, is insufficient unless it shows that the time was previous to the time of the theft of the money.

#### ON REHEARING.

**2.—Variance.**

The allegation in the indictment descriptive of the property stolen is, one five dollar bill, current money of the United States, of the value of five dollars; the proof was that the property was a five-dollar bill and good American money, but did not show that it was legal tender.    Held, that the variance is fatal.

Appeal from the District Court of McLennan.    Tried below before Hon. Sam R. Scott.

Appeal from a conviction of theft from the person; penalty, two years confinement in the penitentiary.

No statement required.

*W. B. Carrington* and *J. T. Sluder,* for appellant.—The allegation in the indictment is "one five-dollar bill current money of the United States," etc. The evidence shows that it was some kind of a five-dollar bill. But none of the witnesses could testify whether it was a national treasury note, a gold or silver certificate, or a national bank bill. That there was a fatal variance between the allegation and proof as to the description of the money alleged to have been stolen, see as follows: Otero v. State, 30 Texas Crim. App., 450; Mencar v. State, 30 Texas Crim. App., 475; Lewis v. State. 28 Texas Crim App., 140; Perry v. State, 61 S. W. Rep., 400; Nubel v. State, 65 S. W. Rep., 374; Kimbrough v. State, 28 Texas Crim. App., 367.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of theft from the person, and his punishment assessed at two years confinement in the penitentiary.

By his first bill of exceptions appellant calls in question the action of the court in permitting the State to prove by the witness Ed Johnson that defendant gave him $4.75 in silver some time during the night of the alleged theft. This was objected to on the ground that the testimony of Willie Brown, the alleged injured party, showed that the money was in possession of the owner at 12 o'clock, or about that time, not being definitely fixed, on said night; and the fact that defendant may have given $4.75 to Ed Johnson some two or three hours before the money was shown to have been lost was irrelevant and immaterial, etc. We do not think the ground of objection here stated is a sufficient certificate that the facts were as stated in the grounds of objection; but even if this be conceded, the bill does not show what time of night the $4.75 in silver was given by appellant to Ed Johnson. Some time "during the night" might mean some time after midnight. If we recur to the statement of facts, the witness stated that he was not definite as to the time, that it may have been 9 or 10 o'clock or it may have been after 12 o'clock. It occurs to us that the character of money proven was sufficiently in response to the allegation in the indictment.

The indictment charged that it was a five-dollar currency bill of the United States of the value of $5, etc. The proof showed that it was a five-dollar bill. Witness did not know whether it was a national bank note, a treasury note, or a silver certificate; that it was a five-dollar bill, and was good American money, and passed as such. It was not necessary to show further than was done that it was a legal tender five-dollar bill. We think the warning was sufficient to authorize the introduction of the

confessions of appellant, and that his confession thereunder made was voluntary. The court was not called upon to give a charge upon circumstantial evidence, inasmuch as appellant confessed to the taking of the money. We have examined the record, and in our opinion the evidence fully authorized the conviction, and the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

HENDERSON, JUDGE.—This case was affirmed at the last Austin term, and now comes before us on motion for rehearing. In the original opinion we referred to the indictment as copied in the record, and held that the allegation therein, to wit, "One five-dollar bill current of the United States, of the value of five dollars," etc., was sufficiently proven by the statement of the witness to the effect that he did not know whether it was a national bank note, a treasury note or a silver certificate, that it was a five-dollar bill, and was good American money and passed as such." In motion for rehearing appellant has brought up a certified copy of the original indictment, which shows that the allegation in the indictment descriptive of the property stolen is "one five-dollar bill current money of the United States, of the value of five dollars," etc. Here, the word "money" is used in the indictment, and under our decisions it appears to have a peculiar signification. Appellant refers us to a number of decisions which hold that in theft cases that the term "current money of the United States" means that which by the act of Congress of the United States is made a legal tender, whether coin or currency; and this has been construed to include legal tender, treasury notes of the United States, demand notes of the United States, and coin money of the United States; but does not include National bank bills. See art. 456, Code of Criminal Procedure, and authorities cited in Otero v. State, 30 Texas Crim. App., 450; Lewis v. State, 28 Texas Crim. App., 140; Thompson v. State, 35 Texas Crim. Rep., 511; Perry v. State, 61 S. W. Rep., 400; White v. State, 57 S. W. Rep., 100. Tested by these decisions, is the proof here sufficient to sustain the allegation in the indictment. Witnesses say that the property was a five-dollar bill and good American money and passed as such? Now for ought that we know it may have been good American money, and passed as such, yet it may not have been a legal tender treasury note of the United States, or a United States demand note. The rule is that when a descriptive allegation of the thing stolen, is contained in the indictment, it must be proved as alleged; consequently we hold that there was a failure of proof on the part of the State to show that the particular property, or money, alleged in the indictment was stolen by appellant. The judgment must be reversed on this account. The motion for rehearing is accordingly granted, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.