STATE OF IOWA v. PETER FINNEGEAN, Appellant.

**Larceny:** EMBEZZLEMENT: INDICTMENT: ELECTION. The crimes of
1    embezzlement and larceny are essentially different in character, and where charged in separate counts in an indictment the State should be required upon motion to elect upon which count it will proceed.

**Indictment:** PROOF: VARIANCE. Proof of larceny of bank notes is
2    not a fatal variance from the allegation of an indictment charging larceny of " certain money, the same being lawful money of the United States."

*Appeal from Cerro Gordo District Court.*— HON. J. F. CLYDE, Judge.

MONDAY, APRIL 10, 1905.

THE indictment accused the defendant of having committed the crime of larceny, and was in two counts, the first of which charged that he

Did, on the day stated, embezzle and convert to his own use certain money, the same being lawful money of the United States, in the amount and of the value of two hundred and sixty dollars, without the consent of the owner thereof, the said money being then and there the property of one Stephen Mulrooney, and having been delivered to the said Peter Finnegean by the said Stephen Mulrooney without any intention or purpose on the part of the said Stephen Mulrooney of parting with his property in, or his ownership of, the said money.

And the second, that he did then and there unlawfully, willfully, and feloniously, and by trick and artifice, and with the intention on the part of the said Peter Finnegean to fraudulently convert the same to his own use, obtain from one Stephen Mulrooney certain money, and the said money being lawful money of the United States, in the amount and of the value of two hundred and sixty dollars, without the purpose or intent on the part of the said Stephen Mulrooney in parting with his property in, and the ownership of, said money, and he, the said Peter Finnegean, did then and there willfully, fraudulently, unlawfully and feloniously convert to his own use the said money obtained by him as aforesaid from the said Stephen Mulrooney, and so the said Peter Finnegean did then and there, in the manner and form aforesaid, the said money, of the amount and value of two hundred and sixty dollars, the money and property of the said Stephen Mulrooney, feloniously steal, take, and carry away.

The defendant demurred on the ground that the indictment charged two distinct offenses. This was overruled, as was also a motion to require the State to elect upon which count it would proceed. A verdict of guilty was returned,

upon which judgment was entered and defendant appeals. *Reversed.*

*Glass, McConlogue & Witwer,* for appellant.

*Charles W. Mullan,* for the State

LADD, J.— The indictment, in charging larceny by embezzlement in the first count, and by theft in the second, is said to violate the statute providing that " the indictment

1. LARCENY: embezzlement; indictment; election.

must charge but one offense, but the particular crime may be charged in different forms to meet the testimony, and, if it may have been committed in different modes and by different means, may allege the modes and means in the alternative." Its validity then depends on whether larceny and embezzlement are but one offense. Larceny, as defined by statute, is like that at the common law, save in the increased number of articles made the subject of larceny. Sections 4831, 4834, Code. The crime of embezzlement is purely of statutory origin, intended to cover the misappropriation of property not punishable as larceny. Section 4834 of the Code defines embezzlement by a public officer; section 4841, by a bailee; section 4842, by an agent or employé of a corporation, association, or individual; and section 4844, by carrier for hire; and in each the crime is declared to be larceny. But this is a mere conclusion, evidently intended for the purpose of fixing the punishment, for under similar statutes the charge of larceny has been held not to be sustained by proof of embezzlement. By giving a particular offense the same name as that borne by some other distinct and different offense, the Legislature cannot make the two but one, or change the nature of either. 2 Bishop's Criminal Practice, 318; *Com. v. Simpson,* 9 Metc. (Mass.) 138, in which it was said that " the two offenses of larceny and embezzlement are so far distinct in character that, under an indictment charging merely a larceny, evidence of embezzlement is not sufficient to authorize

a conviction." *Fulton v. State,* 13 Ark. 168, concluding that "although the party, in the language of statute, 'shall be deemed to have committed the crime of simple larceny,' yet it is a larceny of a peculiar character, and must be set forth in its distinctive character." At the common law both might be included in separate counts of the same indictment, but as distinct offenses growing out of the same transaction, and the jury was required to say in the verdict of which the accused was guilty. *Griffith v. State,* 36 Ind., 406; *Rex v. Johnson,* 3 M. & S. 539; *State v. Porter,* 26 Mo. 201; *Murphy v. People,* 104 Ill. 528; 1 McClain's Criminal Law, section 656.

In the count charging embezzlement, it seems to have been necessary to include the allegation that the property had been stolen, apparently for that the act of Parliament, in creating the offense, designated it as larceny. *Com. v. Pratt,* 132 Mass. 246; *State v. Fricker,* 45 La. Ann. 646 (12 South. Rep. 755). This did not relieve the pleader, however, from stating the facts constituting embezzlement; and, in the absence of a statute authorizing conviction under indictment for larceny, the courts have generally held that the facts constituting the crime must be stated with such particularity as to identify it under the statute defining embezzlement. Bishop on Statutory Crimes, section 422. But in England, as well as in many of the States of this country, legislation has put the bailee in possession in the same attitude as servants having the naked custody of property, and authorized conviction under a charge of larceny. Bishop, Statutory Crimes, section 420. But in Texas, where the Constitution confers the right "to demand the nature and cause of the accusation," such a statute was condemned as an invasion of the fundamental law. *Huntsman v. State,* 12 Tex. App. 619. See also, *Hall v. State,* 3 Cold. (Tenn.) 125. These decisions are in point, as section 5282 of the Code contains a like provision. To constitute larceny, a trespass is essential, while in embezzlement this is not necessary, but a fiduciary relation must

be shown. Were the only difference the absence of the element of trespass in embezzlement, it might be included in larceny; but in its stead is that of the trust relation under which possession of the property is obtained, and this clearly distinguished the two crimes as distinct and separate. The charge of one ordinarily cannot be sustained by proof sufficient to convict of the other. *People v. DeCoursey,* 61 Cal. 134, is directly in point. The statute of that State prohibits charging more than one offense in the same indictment; and the court, in holding these might not be so included, declared . that " the two crimes are in their nature essentially different, and dependent on different facts." See *State v. McFarland,* 49 Iowa, 99; *State v. McCormack,* 56 Iowa, 585; *State v.* *Terrill,* 76 Iowa, 149. We think that the crimes of embezzlement and larceny are so different in their character that they should be treated in an indictment as distinct and separate offenses. It follows that the State ought to have been required to elect upon which count it would proceed.

II. Each count described the property converted as " certain money, the same being the lawful money of the United States, in amount and of the value of two hundred 2. INDICTMENT: and sixty dollars." The evidence showed this proof; vari- ance. to have been in bank notes of the denomination . of $10 and $20 each, and it is insisted that this was a fatal variance, in that bank notes are not lawful money of the United States. The words " of the United States " may be dropped as surplusage. With these out, however, there are plenty of cases adopting the view that " lawful money " does not include bank notes. But they proceed on the erroneous theory that anything, to be money, must be a legal tender. See *Summers v. State,* (Tex.) 76 S. W. Rep. 762. " Money " is a generic term, and, as commonly understood, is anything that circulates as the ordinary medium of exchange in buying and selling property. *Miller v. Race,* 1 Burr. 452; *Carter v. Cox,* 44 Miss. 155; *Klauber v. Biggerslaff,* 47 Wis. 551 (3 N. W. Rep. 357, 32 Am. Rep. 781); *Jones*

*v. Overstreet*, 20 Ky. 547; *Crutchfield v. Robins*, 24 Tenn. 15 (42 Am. Dec. 417); 20 Am. & Eng. Enc. of Law, 84. See *State v. Hill*, 47 Neb. 456 (66 N. W. Rep. 541). Webster defines it as " any currency usually and lawfully employed in buying and selling the equivalent in money, as bank notes and the like." Says Ryan, C. J., in *Klauber v. Biggerstaff, supra:* "The confusion in the cases appears to have arisen for want of proper distinction between money which is current and money which is legal tender. The property of being legal tender is not necessarily inherent in money. It generally belongs no more to inferior coins than to paper money." In *Crutchfield v. Robins, supra,* the court held that " 'money' is a generic term, and covers everything which by consent is made to represent property, and passes as such currently from hand to hand, whether it be the iron of the Spartans, the cowrie of the African, the gold and silver of the world, or the paper of modern Europe and America. Current, convertible bank paper has been invariably held, both in Europe and the United States, to be a good legal tender in payment of debts, unless it be objected to upon the ground that it is not gold and silver. This could never have been done, had it not been considered as money, as nothing but money can be tendered in payment of a debt." All essential in this State is that the facts constituting the offense be stated " in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." Section 5280, Code; *State v. Fisher,* 106 Iowa, 658; *State v. Alverson,* 105 Iowa, 152. That bank notes are commonly regarded as lawful money is not open to debate. This was our conclusion in *State v. Boomer,* 103 Iowa, 106, and we discover no reason for not following that decision. The objection that the indictment was not based on proper evidence is disposed of by *State v. Wrand,* 108 Iowa, 73.

Owing to the error mentioned, the judgment is reversed and the cause *remanded.*