## STATE v. JAMES RUFFIN.

(Filed 24 September, 1913.)

**Criminal Law—Bailee—Larceny—Trespass.**

One who is intrusted by a person to mail a letter given by another for that purpose, and breaks open the letter before mailing and extracts and appropriates money therefrom, is guilty of larceny, upon the principle, if considered as a bailee, that he has broken "bulk and appropriated the goods or a part of them to his own use." *Semble*, a conviction of larceny could be sustained upon the ground that the defendant had only the care or custody of the property, and not the legal possession. Hence, the position cannot be sustained that a conviction of larceny could not be had because the defendant had acquired possession with the consent of the owner.

APPEAL by defendant from *Cline, J.,* at May Term, 1913, of VANCE.

Prosecution for larceny. The facts in evidence tended to show that on a certain Sunday night, 1913, Robert Royster had several letters written, and same were put in envelopes, sealed and addressed to the respective parties; that one of these letters so inclosed and sealed was addressed to his father, Spot Royster, Virgilina, Va., and in that one said Robert had put $10 in bills. Next morning Robert gave these letters to Eugene Sandiford to mail, and Sandiford handed them to defendant for like purpose. There was further evidence tending to show that defendant having opened the envelope and taken the money, resealed and mailed the letter at the post-office in Henderson. The court charged the jury that if they should find beyond a reasonable doubt that defendant secured the letter from Sandiford for mailing and undertook to mail same at his request, that the money was then in it and he broke open the letter and took it out and appropriated it to his own use, they would render a verdict of guilty; that the breaking of the letter was a sufficient taking within the proper definition of the crime. There was a verdict of guilty, and from sentence to jail for eight months, defendant excepted, assigning for error that on the facts in evidence defendant could not be convicted of larceny, having acquired possession by consent of owner or his bailee.

*Attorney-General and Assistant Attorney-General for the State.*

*Thomas M. Pittman for defendant.*

HOKE, J., after stating the case: At common law it was regarded as an essential feature of the crime of larceny that the party charged should have acquired possession of the property against the will of the owner and ordinarily with intent to steal at the time. The taking considered necessary to make out the offense involved the idea of a trespass on the possession of the owner, either actual or constructive. The principle was held to include cases where possession was acquired from the owner *animo furandi,* by trick or fraudulent contrivance. *S. v. McRae,* 111 N. C., 665; *People v. Miller,* 169 N. Y., 339, reported with instructive editorial note, 88 Amer. St. Reports, 546. And convictions were upheld when the party charged had only the custody of the property, the constructive possession remaining with the owner. Instances of this occurring when a servant or employee intrusted by the master with goods or money for a specific purpose, in breach of this purpose appropriates same to his own use with felonious intent. *S. v. Jarvis,* 63 N. C., 528.

There is high authority for the position that the conviction in the present case could very well be sustained on the ground that defendant had only the care or custody of the property, and not the possession. *Murphy v. People,* 104 Ill., 528; *Walker v. State,* 9 Ga. App., 863.

We are not called on to determine whether this view is in accord with our decisions more directly relevant to the question presented, the defendant not being the servant or employee of the prosecutor (*S. v. Copeland,* 86 N. C., pp. 692-695; *S. v. England,* 53 N. C., 399; *S. v. Martin,* 34 N. C., 157), being of opinion that on the record the defendant has been properly convicted, whether considered originally as bailee or only as custodian. It is the well established principle that "a bailee who breaks bulk and appropriates the goods or a part of them to his own use with felonious intent is guilty of larceny." 18 A. and

164—27

E., p. 479; *Robinson v. State,* 1 Coldwell, 122; *S. v. Fairclough,* 29 Conn., 47; *Rex v. Jones,* 32 Amer. Com. Law, 474; *Rex v. Jenkins,* 38 Eng. Com. Law, 27.

In *Fairclough's case, supra,* citation is made from *my Lord Coke* as follows: "If a bale or pack of merchandise be delivered to carry to one at a certain place, and he goeth away with the whole pack, this is no felony; but if he open the pack and take anything out, *animo furandi,* this is larceny." 3 Coke's Inst., p. 417.

In *Robinson's case, supra,* the principle was applied where the prosecutor left his room and trunk unlocked in charge of defendant, who in prosecutor's absence opened the trunk and took money out of it with felonious intent.

And again in *Rex v. Jones, supra,* to a case where defendant broke open a letter intrusted to him to mail and abstracted money from same, the very case we have here, and is recognized as the correct position in *S. v. England, supra,* an authority to which we were referred by counsel.

There is no error, and the judgment is affirmed.

No error.