STATE v. JULIUS GRIFFIN.

(Filed 16 December, 1953.)

**1. Larceny § 1—**

Larceny is a common law offense and is the taking and carrying away of the personal property of another without his consent with felonious intent at the time of the taking to deprive the owner of his property and to appropriate it to the taker's use, and the act of taking must involve either an actual trespass or a constructive trespass in acquiring possession by fraud through some trick or artifice.

**2. Embezzlement § 1—**

Embezzlement is a statutory offense distinct from larceny in that possession of the property of another must have been lawfully acquired by virtue of some fiduciary relationship, and the person acquiring possession must thereafter with felonious intent fraudulently convert the property to his own use.

**3. Indictment and Warrant § 8—**

The indictments in this case charge defendant with larceny and with embezzlement of the same property from the same person by the same acts. Defendant moved that the solicitor be required to elect whether defendant should be put on trial for larceny or embezzlement. *Held:* Since defendant could not be guilty of both offenses upon the same facts, his motion should have been allowed.

**4. Same: Criminal Law § 81c (4)—**

Defendant was put on trial upon indictments charging larceny and embezzlement of the same property from the same person by the same acts, and was convicted by the jury on all counts. Judgment was entered imposing concurrent sentences on each count of larceny and embezzlement. *Held:* It not appearing that the sentences were augmented by the dual verdicts of larceny and embezzlement, defendant was not prejudiced by the failure of the court to require the solicitor to elect between prosecutions for larceny or for embezzlement.

BARNHILL, J., dissenting.

DENNY and ERVIN, JJ., concur in dissent.

APPEAL by defendant from *Pless, J.,* June Term, 1953, of MECKLENBURG. No error.

Eight bills of indictment charging the defendant with criminal offenses growing out of four similar transactions were consolidated for trial. In each of the four instances the bills charged (1) larceny by trick and (2) embezzlement with respect to the same person, the same property, the same acts. As typical two bills charging these criminal offenses are more specifically described as follows: (a) One bill charged that the defendant Julius Griffin on the 15th day of July, 1952, "did steal, take and carry away by trick, artifice and fraud" a sum of money, the property of L. N. Stallworth; (b) another bill charged that on the same day the defendant Julius Griffin "was the agent, consignee, clerk, employee and servant" of L. N. Stallworth, and as such agent, consignee, clerk, employee and servant of L. N. Stallworth received and took into his possession for the said Stallworth a sum of money, and afterward on that date did willfully and feloniously embezzle and fraudulently convert the same to his own use.

The other bills differed only in name of person from whom stolen or embezzled, the amount and date.

The evidence as to each of the four transactions was of the same pattern. For instance, Mrs. Stallworth testified as follows:

"I am employed by the County Health Department as a nurse. I know Julius Griffin. My husband and I turned over to Julius Griffin $350. I first saw Griffin when he came to my home. I learned through friends at the hospital that he was representing the Good Samaritan Waverly Hospital of Columbia, S. C., in getting money to help the building fund. I was employed there for 16 years, knowing the hospital and knowing that they were having this building fund to build a hospital, I took for granted that it was O. K., because he had identification papers stamped with the Good Samaritan Hospital signature on it, and I thought it was a clean-cut deal. The defendant told me and my husband that this $500, if we put this $500 up on this car to help buy this car to be raffled off for the hospital, after the car was sold a certain amount of this money was going to the hospital, and then the balance of the money would be paid back to us with 6% interest. He said the amount we put in would be paid back to us with interest. He said we had a choice of cars, Packard, or Chrysler, or Chevrolet, or Plymouth. We were supposed to receive our car on February 14. If the deal went over and the hospital got their share of the money and we paid $1.00 for this ticket, we were supposed to get this car, but we were to get the 6% interest on our money. I mean that we would get a chance to win the car and that he would guarantee that we would win it. I have never received any car or any chance on a car, and have never seen any raffle of the car. So far as I know there was no raffle. The paper you hand me is the paper signed by Julius Griffin and my husband. It was executed in my presence. I saw them sign it at my home."

## AGREEMENT.

"This agreement made this 15th day of August by and between Julius Griffin party of the first part and Mr. L. N. Stallworth party of the second part. Whereas the party of the first part is engaged in the promotion of a Building Fund Campaign giving away cars for charitable organizations. Places of office set up are in North Carolina, Virginia and New Jersey. Whereas the party of the second part is willing to advance to the party of the first part the sum of $250.00 dollars to finance such promotion.

"Now therefore in consideration of the sum of $250.00 dollars paid to the party of the first part by the party of the second part receipt of which is hereby acknowledged said party of the first part agrees to do the following:

"1. Pay to the party of the second part the sum of $250.00 dollars with interest at the rate of 6% per annum on or before Aug. 15th 1952.

"2. At the climax of said promotion of the party of the first part, party agrees to do the completion of all business transacted between party of the second part.

"In event that the party of the first part should die the party of the second part can submit this agreement to said promotion of party of the first part." (An additional sum of $100 was received by defendant, making in all $350.)

The defendant excepted to the consolidation of the cases, and moved that the solicitor be required to elect whether the defendant should be put to trial for larceny or embezzlement. Motion denied. Exception.

The court charged the jury as to each of the eight bills of indictment, defining larceny by trick and embezzlement. The jury returned verdict of guilty as to each of the eight bills.

The court sentenced the defendant in the first case on charge of larceny by trick to State's prison for a term of not less than 3 nor more than 5 years. In the second case for embezzlement on same facts the court imposed the same sentence, to run concurrently with the sentence in the first case.

In the third and fourth cases the same judgment was rendered, sentences to run concurrently with the first case.

In the fifth case for larceny by trick the sentence was 5 to 7 years to begin at expiration of sentence in first case, but to be suspended on condition. In the sixth case, for embezzlement, sentence to run concurrently with sentence in fifth case.

In the seventh and eighth the sentences were suspended as in the fifth and sixth cases.

The defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*Basil M. Boyd and J. F. Flowers for defendant, appellant.*

DEVIN, C. J. The defendant in each of four instances was convicted of both larceny by trick and embezzlement with respect to the same transaction. He was found guilty of taking, stealing and carrying away the personal goods of L. N. Stallworth, and on the same testimony found guilty of fraudulently and feloniously converting to his own use the same property with which, according to the bill for embezzlement, he had been previously entrusted as agent, consignee, clerk, employee and servant of L. N. Stallworth.

The defendant moved that the solicitor be required to elect for which of these offenses the defendant should be put on trial.

While there is similarity in some respects between larceny and embezzlement, they are distinct offenses. Larceny is a common law offense not defined by statute; while embezzlement is a criminal offense created by

statute to cover fraudulent acts which did not contain all the elements of larceny. 21 Henry VII C. 7; G.S. 14-90.

Generally speaking, to constitute larceny there must be a wrongful taking and carrying away of the personal property of another without his consent, and this must be done with felonious intent; that is, with intent to deprive the owner of his property and to appropriate it to the taker's use fraudulently. It involves a trespass either actual or constructive. The taker must have had the intent to steal at the time he unlawfully takes the property from the owner's possession by an act of trespass. Actual trespass, however, is not a necessary element when possession of the property is fraudulently obtained by some trick or artifice. The embezzlement statute makes criminal the fraudulent conversion of personal property by one occupying some position of trust or some fiduciary relationship as specified in the statute. The person accused must have been entrusted with and received into his possession lawfully the personal property of another, and thereafter with felonious intent must have fraudulently converted the property to his own use. Trespass is not a necessary element. In embezzlement the possession of the property is acquired lawfully by virtue of the fiduciary relationship and thereafter the felonious intent and fraudulent conversion enter in to make the act of appropriation a crime. *S. v. McDonald,* 133 N.C. 680, 45 S.E. 582; *S. v. Ruffin,* 164 N.C. 416, 79 S.E. 417; *S. v. Holder,* 188 N.C. 561, 125 S.E. 113; *S. v. Cameron,* 223 N.C. 449, 27 S.E. 2d 81; *S. v. Finnegean,* 127 Iowa 286; *Blackett v. People,* 98 Colo. 7; 18 A.J. 572; 32 A.J. 892, 914; 22 C.J.S. 436; 2 Burdick Law of Crime 339.

In the case at bar, according to the State's evidence, the defendant obtained the property of the witness Stallworth by a trick or fraudulent device. While in a sense it was with his consent, it was only by this trick or fraudulent device that the taking was accomplished, constituting in legal effect a constructive trespass. And the felonious intent necessary to constitute the crime of larceny must have been present and motivating the act at the time of the taking. To constitute embezzlement the defendant must have been the agent, employee or servant of Stallworth and as such entrusted by Stallworth with possession of Stallworth's property for Stallworth, and the defendant must have thereafter fraudulently and with felonious intent converted the property to his own use. Conceding, without deciding, that the evidence is susceptible of either view, it is apparent that both views could not exist at the same time. The defendant could not be guilty of both by the same act. Hence we think the defendant's motion that the solicitor be required to elect whether the defendant put to trial for larceny or embezzlement should have been allowed.

However, it appears that the able judge who presided at the trial of this case was careful to impose on the defendant sentences carrying pen-

alty or punishment only in the cases in which the jury had convicted him of larceny by trick. All the sentences for embezzlement were made to run concurrently with the sentences for larceny. So that the defendant will suffer nothing by reason of the several convictions for embezzlement; nor does it appear that the imposition of the term of 3 to 5 years in prison for all the eight cases was in any respect augmented by the verdicts in those cases. After all it was the same evidence whether tending to show larceny or embezzlement. Hence it would appear that the defendant has no cause for complaint that the court did not require an election.

We have examined the other exceptions noted by defendant during the trial and brought forward in his assignments of error, and find no sufficient ground upon which to disturb the result reached below.

No error.

BARNHILL, J., dissenting: The defendant has apparently committed very reprehensible crimes for which, no doubt, he will be punished, either under the former trial and sentence affirmed by this Court or upon a conviction on a new trial. For that reason it is with sincere regret that I enter my dissent to the majority opinion. However, I entertain a deep conviction that no man should suffer the loss of his liberty except upon his conviction in a trial free from substantial error.

To quote from the majority opinion: "While there is similarity in some respects between larceny and embezzlement, they are distinct offenses . . . to constitute larceny there must be a wrongful taking and carrying away of the personal property of another without his consent, and this must be done with felonious intent . . . It involves a trespass either actual or constructive . . . The taker must have had the intent to steal at the time he unlawfully takes the property from the owner's possession by an act of trespass . . . The embezzlement statute makes criminal the fraudulent conversion of personal property by one occupying some position of trust or some fiduciary relationship as specified in the statute. The person accused must have been entrusted with and received into his possession lawfully the personal property of another, and thereafter with felonious intent must have fraudulently converted the property to his own use . . . In embezzlement the possession of property is acquired lawfully by virtue of the fiduciary relationship and thereafter the felonious intent and fraudulent conversion enter in to make the act of appropriation a crime . . . To constitute embezzlement the defendant must have been the agent, employee or servant of Stallworth and as such entrusted by Stallworth with the possession of Stallworth's property for Stallworth, and the defendant must have *thereafter* fraudulently and with felonious intent converted the property to his own use."

STATE *v.* GRIFFIN.

Thus it appears that the jury by its verdicts on four of the bills of indictment has found that defendant acquired possession of the money involved in each of the four instances by an actual asportation, that he did actually take and carry away the personal property of another without his consent, with the felonious intent to deprive the owner of his property and to appropriate it to his own use, fraudulently. On the other four companion bills of indictment the jury has found that the defendant was the agent of the four prosecuting witnesses, and that he lawfully received the money from each and every one of them as agent, and that he thereafter, while acting in the capacity of an agent, feloniously appropriated the money to his own use.

If the defendant received the sums of money involved from the four prosecuting witnesses lawfully as their agent, he cannot be guilty of larceny. The jury has found that he did so receive it. If he feloniously took, stole, and carried away the property of the four prosecuting witnesses with felonious intent, as the jury said he did, he did not receive it lawfully as agent of the several prosecuting witnesses. Therefore, upon that finding, he cannot be guilty upon the finding of embezzlement.

It follows that we affirm the conviction of a defendant in a case where the jury has found facts which are irreconcilable with his guilt on the charge of larceny. He received the money lawfully. This being true, there could be no larceny.

The sentences were divided into four groups. In the first he was sentenced for larceny and embezzlement. In the second, an additional sentence was imposed on both bills, to start at the expiration of the first. The other two sentences were for both charges with like provision. So then, each day the defendant remains in the penitentiary he will be serving a sentence for larceny and a sentence for embezzlement.

In short, the jury found that defendant, in four instances, did steal by trick the property of another. It likewise found that in each of said instances he embezzled the identical property while it was committed to his care as an agent of the prosecuting witness. Thus the jury has found that in each instance the defendant came lawfully into possession of the property involved. At the same time it found that the acquisition of possession was unlawful. This produces an irreconcilable conflict in the verdicts, which, in my opinion, necessitates a new trial. I so vote.

DENNY and ERVIN, JJ., concur in dissent.