E. M. JENKINS, SR., v. JOE W. WINECOFF, TRADING AS JOE W. WINE-COFF AGENCY, REALTORS.

(Filed 16 June, 1966.)

**1. Appeal and Error § 2—**

The Supreme Court will take cognizance *ex mero motu* of want of jurisdiction in the lower court.

**2. Courts §§ 3, 17—**

A justice of the peace has exclusive original jurisdiction of causes of action arising *ex contractu* when the sum demanded is not in excess of $200, and the Superior Court has no original jurisdiction of such actions. Constitution of North Carolina, Art. IV, § 27; G.S. 7-63; G.S. 7-121.

**3. Same; Brokers § 6; Actions § 8—**

The vendor instituted this action against his broker to recover $200 representing the balance of "earnest money" paid to the broker by the pur-

chaser, the purchaser having later defaulted upon his written contract to purchase the property. *Held:* The right of the broker to retain the sum depends upon the contract between the vendor and the broker, and therefore arises out of contract and is within the exclusive jurisdiction of a justice of the peace.

MOORE, J., not sitting.

APPEAL by plaintiff from *May, Special Judge,* September 1965 Special Civil Session of CABARRUS.

Plaintiff's action is to recover from defendant, a realtor, the sum of $200.00, being a portion of $500.00 paid by H. W. Bray to defendant as "earnest money" to guarantee compliance with his written contract of September 14, 1963, to purchase described real estate from plaintiff and pay a total purchase price of $4,500.00 therefor.

Plaintiff's allegations and evidence are to the effect he and defendant entered into an oral contract whereby defendant was authorized to sell plaintiff's property at a price such that plaintiff would receive $4,300.00 therefor, it being agreed that defendant was to receive as compensation all he could get for the property above $4,300.00.

Plaintiff alleged, in substance, the provisions of said written contract of September 14, 1963. This contract, consisting of an offer addressed by Bray to defendant, as agent, signed by Bray, and an acceptance thereof signed by plaintiff, was offered in evidence by plaintiff. The pertinent parts thereof are as follows: "I (Bray) agree to pay $4,500.00 for said property, the said purchase price to be paid in the following manner: $500.00, which I hand you (defendant) herewith as earnest money, which is to be held by Joe W. Winecoff Agency until this transaction is completed, guaranteeing the faithful performance of this offer. $4,000.00 to be paid upon delivery to me of a deed conveying a good and marketable title to said property. . . . In case of acceptance, it is understood and agreed that this offer shall become a contract binding on each party, and I agree to execute the necessary papers in connection therewith and make final settlement on or before the 1st day of May, 1964. . . . In case of rejection of this offer or in case the present owners are unable to convey a good and marketable title, the $500.00 which I hand you herewith is to be returned to me, and this offer shall become null and void."

Plaintiff's testimony, other than that relating to his oral agreement with defendant, tends to show the following: Plaintiff executed a deed in accordance with said written contract and left it with his lawyer with instructions to deliver it when Bray paid the balance

of the purchase price in the amount of $4,000.00. Bray did not pay the $4,000.00 notwithstanding plaintiff allowed him 30 days or 60 days after May 1st in which to do so. After the sale had fallen through, solely on account of Bray's failure to comply with his contract, defendant gave plaintiff a check for $300.00 bearing the notation: "payment for sale." Plaintiff endorsed and cashed defendant's $300.00 check but when doing so did not notice the words "payment for sale" appearing thereon.

At the conclusion of plaintiff's evidence, the court, allowing defendant's motion therefor, entered judgment of involuntary nonsuit. Plaintiff excepted and appealed.

*Thomas K. Spence for plaintiff appellant.*
*Robert L. Warren for defendant appellee.*

BOBBITT, J. The more serious question confronting us on this record is whether the court below had jurisdiction of plaintiff's action. This question is not discussed in the briefs. However, this Court considers the jurisdictional question *ex mero motu. Hopkins v. Barnhardt,* 223 N.C. 617, 27 S.E. 2d 644, and cases cited.

The Constitution of North Carolina, Article IV, Section 27, in pertinent part, provides: "The several justices of the peace shall have jurisdiction, under such regulations as the General Assembly shall prescribe, of civil actions, founded on contract, wherein the sum demanded shall not exceed two hundred dollars . . ." (Note: The amendment of Article IV, submitted by the 1961 Session Laws, Chapter 313, and adopted by vote of the people at the general elections held November 6, 1962, has not, as of now, superseded or repealed the quoted constitutional provision. See Section 21 of said 1961 Act.)

G.S. 7-63, in pertinent part, provides: "The superior court has original jurisdiction of all civil actions whereof exclusive original jurisdiction is not given to some other court . . ."

G.S. 7-121, in pertinent part, provides: "Justices of the peace shall have exclusive original jurisdiction of all civil actions founded on contract except — 1. Wherein the sum demanded, exclusive of interest, exceeds two hundred dollars. . . ." Thus, "(b)y statute, exclusive original jurisdiction is given to a justice of the peace in contract up to two hundred dollars . . ." McIntosh, North Carolina Practice and Procedure, § 56, citing cases.

Plaintiff seeks to recover $200.00 and costs. If his action is "founded on contract," the superior court did not have jurisdiction thereof. Exclusive original jurisdiction was in the court of a justice of the peace.

Plaintiff's brief quotes from *Peed v. Burleson's, Inc.*, 244 N.C. 437, 94 S.E. 2d 351, an action involving the conversion of potatoes by a person having no title or interest therein. The facts in the present case are quite different. In *Peed*, no question relating to jurisdiction was involved.

Plaintiff's evidence is to the effect that, in accordance with the written contract, Bray gave defendant a check for $500.00 as a guarantee of compliance with his offer. While the written contract obligated defendant to return the $500.00 to Bray if plaintiff was unable to convey a good and marketable title, it contained no provision as to disbursement thereof in the contingency that arose, namely, the failure of Bray to comply with the terms of his offer. Having received the $500.00 lawfully, to be held subject to the terms of the oral contract between plaintiff and defendant and the written contract between plaintiff and Bray, the questions raised by the pleadings and evidence are the respective rights of plaintiff and defendant under said contracts to the $500.00 of "earnest money." Defendant paid plaintiff $300.00. If, under his pleadings and evidence, plaintiff is entitled to recover the remaining $200.00 from defendant, he is entitled to do so under and by virtue of the contractual relationships subsisting between them. We are of opinion, and so hold, that plaintiff's cause of action is "founded on contract." Therefore, exclusive jurisdiction thereof was and is in the court of a justice of the peace.

Present disposition of this appeal renders unnecessary any discussion relating to the merits of plaintiff's action. For a full discussion, see Annotation, "Relative rights and liabilities of vendor and his broker to down payment or earnest money forfeited by vendee for default under real estate contract," 9 A.L.R. 2d 495 *et seq.*

The judgment of involuntary nonsuit is affirmed solely on the ground it appears from plaintiff's allegations and evidence that the superior court had no jurisdiction of plaintiff's action.

Affirmed.

MOORE, J., not sitting.