STATE OF NORTH CAROLINA v. ROBIN MEDFORD JONES

No. COA04-967

(Filed 2 August 2005)

**Embezzlement— public officer—local ABC board employee— subject matter jurisdiction**

The Court of Appeals concluded ex mero motu that the trial court lacked subject matter jurisdiction over defendant local ABC board employee, and the judgments finding defendant guilty of ten counts of embezzlement by a public officer under N.C.G.S. § 14-92 are vacated, because: (1) the Asheville ABC Board is not a political subdivision of a city, county, or the Commission; (2) although defendant is an employee of a local ABC board and is

STATE v. JONES

[172 N.C. App. 161 (2005)]

subject to statutes that are applicable to a local ABC board's employees, defendant is not a public officer of any county, unit or agency of local government, or local board of education; and (3) as a local ABC Board employee, defendant should have been charged under N.C.G.S. § 14-90.

Appeal by defendant from judgments entered 3 November 2003 by Judge J. Marlene Hyatt in Buncombe County Superior Court. Heard in the Court of Appeals 21 April 2005.

*Attorney General Roy Cooper, by Assistant Attorney General J. Douglas Hill, for the State.*

*Reita P. Pendry, for defendant-appellant.*

TYSON, Judge.

Robin Medford Jones ("defendant") appeals from judgments entered after a jury found her to be guilty of ten counts of embezzlement by public officer under N.C. Gen. Stat. § 14-92. We vacate the trial court's judgments.

## I.  Background

Defendant was employed by the Asheville Board of Alcohol Control ("Asheville ABC") in 1990 and worked at the Mixed Beverage Outlet ("MBO"). The MBO's sole function is to sell and distribute alcohol to restaurants and bars in the City of Asheville and surrounding areas.

The selling process is uncomplicated: Customers place orders, the MBO prepares orders, and customers pick up their orders. When customers retrieve their orders, payment is made by cash or check. Checks are accepted for payment only if a check guarantee letter is on file from the customer's bank. Once the transaction is complete, an invoice is printed showing payment has been made by either cash or check.

In 1993 or 1994, defendant became the Assistant Manager of the MBO. During this time, defendant and Gale Cole ("Cole"), the MBO Manager, were the only employees working at the MBO. This relationship continued for seven years. During this time, Cole did not report any issues with deposits from the MBO. Cole became aware of potential problems after Frank Worley ("Worley"), supervisor of all employees of the Asheville ABC, questioned her in May 2002. Worley had been advised of late deposits at the MBO by the Asheville ABC's

accountant, John Bradford ("Bradford"). Several times Bradford reported late deposits to Worley from the MBO before a shortage was detected.

On 1 June 2002, Worley advised Cole that the MBO's bank account was $32,000.00 short. When Worley inquired of Cole about the MBO's invoices, he was told defendant had taken them home to file. Once the invoices were retrieved from defendant's home, Worley and Cole found discrepancies. At this point, Rick Matthews ("Investigator Matthews"), chief investigator for the Asheville ABC, was notified. Investigator Matthews asked Cole to retrieve additional records. Cole told him some of the records were missing.

Investigator Matthews continued his investigation and spoke with defendant on 11 June 2002. After defendant was told of the missing records and shortages, she assured Investigator Matthews that she had no knowledge of discrepancies with the deposits and if problems existed, Cole would know about them.

In July 2002, an arrest warrant was issued for defendant. On 4 November 2002, defendant was indicted under N.C. Gen. Stat. § 14-92 for ten counts of embezzlement by public officer. Defendant was found by a jury to be guilty of all ten counts of embezzlement on 3 November 2003. Defendant appeals.

## II. Issues

Defendant argues the trial court erred by: (1) denying her motion to dismiss at the close of the State's evidence; (2) permitting hand-writing identification without laying a proper foundation; and (3) finding as fact an element of the crime charged.

## III. Jurisdiction

The dispositive issue is whether the trial court possessed subject matter jurisdiction over defendant.

"The question of subject matter jurisdiction may properly be raised for the first time on appeal. Furthermore, this Court may raise the question on its own motion even when it was not argued by the parties in their briefs." *Bache Halsey Stuart, Inc. v. Hunsucker*, 38 N.C. App. 414, 421, 248 S.E.2d 567, 571 (1978) (citing *Jenkins v. Winecoff*, 267 N.C. 639, 148 S.E.2d 577 (1966); N.C. Gen. Stat. § 1A-1, Rule 12(h)(3)), *cert. denied*, 296 N.C. 583, 254 S.E.2d 32 (1979). Defendant alleges the trial court erred by finding as fact an element of the crime charged but fails to specifically allege the trial court

lacked subject matter jurisdiction. We raise the question of subject matter jurisdiction *ex mero motu. Id.*

## IV.  Embezzlement

" '[E]mbezzlement is a criminal offense created by statute to cover fraudulent acts which did not contain all the elements of larceny.' " *State v. Weaver*, 359 N.C. 246, 255, 607 S.E.2d 599, 604 (2005) (quoting *State v. Griffin*, 239 N.C. 41, 79 S.E.2d 230 (1953)). Over the past 130 years, embezzlement statutes have been revised "expanding the class of individuals who are capable of committing the offense . . . ." *Weaver*, 359 N.C. at 253, 607 S.E.2d at 603 (citations omitted). During this time, statutes were enacted defining more specific incidences of embezzlement as applicable to certain classes of individuals. *Id.*

Defendant was indicted under N.C. Gen. Stat. § 14-92 entitled, "Embezzlement of funds by public officers and trustees," which states in part:

> If an officer, agent, or employee of an entity listed below, or a person having or holding money or property in trust for one of the listed entities, shall embezzle or otherwise willfully and corruptly use or misapply the same for any purpose other than that for which such moneys or property is held, such person shall be guilty of a felony . . . [i]f any clerk of the superior court or any sheriff, treasurer, register of deeds or other public officer of any county, unit or agency of local government, or local board of education shall embezzle or wrongfully convert to his own use, or corruptly use, or shall misapply for any purpose other than that for which the same are held . . . .

Local Alcoholic Beverage Control ("ABC") Boards are governed by N.C. Gen. Stat. §§ 18B-700 through 18B-703. N.C. Gen. Stat. §§ 18B-101(3) and 18B-101(8) (2003) defines a "local board" as "an independent local political subdivision of the State" and not an "agency of a city or county or of the Commission." N.C. Gen. Stat. § 18B-702 (2003) provides in pertinent part:

> Financial operations of local boards

> (a)  Generally.—A local board may transact business as a corporate body, except as limited by this section. A local board shall not be considered a public authority . . . .

>     . . . .

(f) Applicability of Criminal Statutes.—The provisions of G.S. 14-90 and G.S. 14-254 shall apply to any person appointed to or employed by a local board, and any person convicted of a violation of G.S. 14-90 or G.S. 14-254 shall be punished as a Class H felon.

In *Fowler v. Valencourt,* our Supreme Court stated, "[w]here one of two statutes might apply to the same situation, the statute which deals more directly and specifically with the situation controls over the statute of more general applicability." 334 N.C. 345, 349, 435 S.E.2d 530, 532 (1993) (citations omitted).

In *State v. Thompson,* this Court upheld an embezzlement conviction although the defendant was indicted under an incorrect statute. 50 N.C. App. 484, 487, 274 S.E.2d 381, 383, *cert denied,* 302 N.C. 633, 280 S.E.2d 448 (1981). "The indictments against defendant do not refer specifically to any statute, and they are sufficient to charge defendant with violations of either G.S. 14-90 or 14-92." *Id.* Each indictment before us specifically charges defendant for violations of N.C. Gen. Stat. § 14-92. *Id.* The Asheville ABC is not a political subdivision of a city, county, or the Commission. N.C. Gen. Stat. § 18B-101.

It is undisputed that defendant is an employee of a local ABC board and is subject to statutes that are applicable to a local ABC board's employees. Defendant is not a public officer of any county, unit or agency of local government, or local board of education.

As a local ABC Board employee, defendant should have been charged under N.C. Gen. Stat. § 14-90. *See* N.C. Gen. Stat. § 18B-702(f). The trial court lacked jurisdiction to hear this case where defendant was charged with violation of N.C. Gen. Stat. § 14-92. The trial court's judgments are vacated.

## V. Conclusion

Defendant is a local "ABC Board" employee charged with embezzlement under N.C. Gen. Stat. § 14-92. The appropriate statute to charge a local "ABC Board" employee is N.C. Gen. Stat. § 14-90. The trial court lacked subject matter jurisdiction to hear the State's case against defendant.

Defendant's conviction and the trial court's judgments are vacated.

Chief Judge MARTIN and Judge LEVINSON concur.